■ ROBERT SASSO et al., as Trustees of Local 282 Welfare Pension and Annuity Trust Funds, Respondents, v THOMAS CORNIOLA, Appellant.—In an action, *inter alia,* to recover damages for breach of a trust agreement, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Kutner, J.), entered August 16, 1988, as granted those branches of the plaintiffs' motion which were for partial summary judgment on the first and second causes

of action asserted in their amended complaint and to dismiss the defendant's counterclaim, and denied his motion for summary judgment on the counterclaim, or, in the alternative, for dismissal of the amended complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted those branches of the plaintiffs' motion which were for partial summary judgment on the first and second causes of action asserted in the amended complaint and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Initially, we find that the Supreme Court properly dismissed the defendant's counterclaim which asserted that the plaintiffs' action was frivolous and had been commenced in bad faith as an attempt to intimidate and punish the defendant. A cause of action sounding in malicious prosecution *(see, Curiano v Suozzi,* 63 NY2d 113, 118) cannot be interposed as a counterclaim in the very civil action that was allegedly instituted wrongfully *(see, Wiener v Wiener,* 84 AD2d 814, 815). Furthermore, it would constitute a serious misuse of the cause of action to recover damages for prima facie tort to permit the counterclaim under that rubric *(see, Curiano v Suozzi, supra,* at 118).

However, the Supreme Court erred in awarding the plaintiffs partial summary judgment with respect to the first and second causes of action in their amended complaint since triable issues of fact exist, *inter alia,* as to whether the defendant was delinquent in the payment of sums due under a trust agreement and whether any contributions remain outstanding. Moreover, although the Supreme Court found, as a matter of law, that the defendant was liable for additional contributions by virtue of his failure to produce books and records for auditing, there is no evidence in the record that the plaintiffs ever submitted a written demand for such records within the time frame specified in their pleadings. Under article VI of the trust agreement, an employer such as the defendant is liable for additional contributions in the event the employer fails to submit the "required reports and/or pertinent books and records for audit within twenty (20) days *after written demand"* (emphasis supplied). Since the plaintiffs admittedly initiated the audit process subsequent to the time period referred to in their pleadings, the Supreme Court erred in awarding them partial summary judgment for

unpaid contributions based upon the defendant's failure to produce books and records for auditing.

Finally, we note that the Supreme Court properly determined that the plaintiffs did not abandon or delay to the defendant's prejudice the prosecution of the underlying matter *(see,* CPLR 3216; *cf., Matter of Vickery v Village of Saugerties,* 106 AD2d 721, *affd* 64 NY2d 1161). Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.