■ JOHN FERRARA, Appellant, v ERIC R. DE SIMONE et al., Infants, by Their Parents and Natural Guardians, ANTHONY DE SIMONE et al., et al., Respondents.—Order unanimously reversed on the law with costs and motion granted. Memorandum: In this action by plaintiff for an injunction requiring removal of defendants' fence, which plaintiff alleges interferes with his easement over defendants' property, we conclude that plaintiff established his entitlement to a preliminary injunction enjoining defendants' interference with his express easement to make and maintain utility connections. Apparently the fence has been removed during the pendency of this action. We therefore order that defendants refrain from further interfering with plaintiff's right of access to his utility lines. We also conclude that plaintiff did not establish entitlement to a preliminary injunction prohibiting defendants from interfering with an implied easement of access to the property for the purpose of repairing his garage. Plaintiff failed to demonstrate a likelihood of ultimate success on the merits on his claim of an easement by prescription or an easement by necessity. (Appeal from Order of Supreme Court, Kings County, Krausman, J.—Preliminary Injunction.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.

■ KAROUZIN MARDIROS, Respondent, v NABIL GHALY et al., Appellants. (Appeal No. 1.)—Order unanimously affirmed with costs. Memorandum: Supreme Court did not abuse its discretion in finding that plaintiff's responses to designated items in defendants' demand for a bill of particulars were sufficient. The court's order denying defendants' motion for reargument is not appealable (see, Fahey v County of Nassau, 111 AD2d 214). (Appeal from Order of Supreme Court, Suffolk County, Baisley, J.—Preclusion Order.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.