■■■ ROBERT M. WEICHERT, Appellant, v ROBERT F. KIMBER, Respondent. [671 NYS2d 365] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff brought an action in Federal District Court alleging, *inter alia,* that defendant breached the parties' implied contract. That court dismissed the complaint for lack of subject matter jurisdiction and assessed costs and attorney's fees against plaintiff for bringing a frivolous action. Thereafter, plaintiff commenced this action. In his answer, defendant asserted a counterclaim for malicious prosecution arising out of the commencement of the present action and the prior Federal action. Defendant moved for an order directing plaintiff to provide a more detailed response to defendant's demand for a bill of particulars, and plaintiff cross-moved to dismiss the counterclaim on the ground that neither the prior action nor the present action was terminated in defendant's favor.

Supreme Court properly granted defendant's motion, requiring plaintiff to provide more specific and additional information in his bill of particulars. Because plaintiff did not make a timely motion to strike defendant's demand for a bill of particulars, he may not object to the items requested unless it is demonstrated that they are clearly improper and that compliance would be unreasonably burdensome (*see, Wylie v Consolidated Rail Corp.,* 198 AD2d 884, 885-886; *Nigro v Nigro,* 121 AD2d 833, 833-834).

Although some of defendant's demands improperly seek evidentiary material that is more appropriately the subject of disclosure under CPLR article 31, it cannot be said that the items requested are clearly improper or that compliance would be unreasonably burdensome (*see, Nigro v Nigro, supra,* at 834; *Forte v Perry,* 108 AD2d 895). Moreover, the court properly determined that some of plaintiff's responses in the bill of particulars were insufficient (*cf., Mardiros v Ghaly,* 175 AD2d 680).

The court erred, however, in denying plaintiff's cross motion to dismiss defendant's counterclaim for malicious prosecution. Defendant failed to allege the termination of a prior proceeding in his favor, a required element of an action for malicious pros-

ecution (*see, Pomento v City of Rome*, 231 AD2d 875, 876). The dismissal of the Federal action for lack of subject matter jurisdiction was not a termination favorable to defendant on the merits because "the prior discharge for want of jurisdiction has no tendency to prove lack of probable cause" (*Heaney v Purdy*, 29 NY2d 157, 160). Additionally, because defendant must allege that a *prior* proceeding was terminated in his favor, he may not assert a counterclaim for malicious prosecution "in the very civil action that was allegedly instituted wrongfully" (*Sasso v Corniola,* 154 AD2d 362, 363; *see, State Bank v McAuliffe*, 108 AD2d 979, 981, *lv denied* 65 NY2d 741; 59 NY Jur 2d, False Imprisonment and Malicious Prosecution, § 57). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Discovery.) Present—Pine, J. P., Lawton, Wisner and Boehm, JJ.