■ REINA BERNER, Appellant, v GAY MEN'S HEALTH CRISIS, Respondent. [743 NYS2d 99] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered January 25, 2002, dismissing the complaint pursuant to an order which, in an action for discrimination based on sexual orientation in violation of Administrative Code of the City of New York § 8-107 (1) (a), by a heterosexual former employee of a not-for-profit organization that serves people with AIDS, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion was properly granted on the ground that plaintiff failed to adduce evidence sufficient to show, prima facie, that her supervisor, the sole actor accused of discrimination, knew that she is heterosexual (*see, Geraci v Moody-Tottrup, Intl., Inc.*, 82 F3d 578, 581; *Brennan v Metropolitan Opera Assn.*, 284 AD2d 66, 70-71). In this regard, plaintiff relies heavily on her supervisor's comment that she lacked passion for the job because "it wasn't part of [her] community," implying, plaintiff argues, that since the heterosexual community is not afflicted with AIDS, individual heterosexuals such as plaintiff were not

up to the job. This interpretation of the supervisor's comment is speculative and not supported by the record, which shows that plaintiff, who had no prior experience with people with AIDS, was hired to coordinate the provision of counseling services to people with AIDS, not just homosexuals, and that her supervisor had expressed concern about her lack of understanding of AIDS-related issues. In these circumstances, the motion court properly concluded that the only reasonable inference to be drawn from the reference to "community" is that it was a comment on plaintiff's shortcomings with respect to her job.

In any event, assuming a prima facie case, plaintiff failed to raise an issue of fact as to whether defendant's legitimate nondiscriminatory reason for terminating her is pretextual (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 631; *Brennan v Metropolitan Opera Assn., supra*, 284 AD2d 66, 71-72). Plaintiff's disagreement with defendant's assessment of her performance is insufficient to raise such issue (*see, Menard v First Sec. Servs. Corp.*, 848 F2d 281, 287; *Ioele v Alden Press*, 145 AD2d 29, 36-37), as is her unsubstantiated claim that her supervisor, who made the decision to hire her, created a record of negative evaluations in order to justify his decision to fire her. Rather, the record shows that the supervisor had expressed increasing displeasure with plaintiff's job performance for more than a year prior to her termination (*see, Brennan v Metropolitan Opera Assn., supra*; *Hirschfeld v Institutional Inv.*, 260 AD2d 171, 171-172, *lv denied* 93 NY2d 814). Moreover, the affidavit of plaintiff's expert regarding the probability of defendant's action being motivated by discrimination is of little probative value in a case such as this involving alleged disparate treatment (*see, Hudson v International Bus. Machs. Corp.*, 620 F2d 351, 355, *cert denied* 449 US 1066). In any event, the reliability of the expert's data with respect to the sexual orientation of defendant's employees was not established. Concur—Nardelli, J.P., Tom, Rosenberger, Wallach and Friedman, JJ.