■ CYNTHIA JACOBS, Respondent, v CONTINUUM HEALTH PARTNERS, INC., et al., Appellants. [776 NYS2d 279]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about July 21, 2003, which, insofar as appealed from, denied defendants' motion to dismiss the complaint insofar as addressed to the second cause of action, for tortious interference with prospective business advantage, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff is a former executive employee of an affiliate of the corporate defendants. The complaint alleges that the University of Utah Hospitals and Clinics (the University), in connection with its consideration of plaintiff's candidacy for a position, contacted defendants as a reference, and that, in response, defendants told the University that plaintiff had been an "average" employee. Plaintiff further alleges that the University subsequently rescinded its offer of employment to her, allegedly due to the "average" reference provided by defendants. Based on these allegations, plaintiff commenced this action against defendants for tortious interference with prospective business advantage, among other claims, and defendants' motion to dismiss was denied insofar as addressed to this cause of action. We now reverse.

To state a cause of action for tortious interference with prospective business advantage, it must be alleged that the conduct by defendant that allegedly interfered with plaintiff's prospects either was undertaken for the sole purpose of harming plaintiff, or that such conduct was wrongful or improper independent of the interference allegedly caused thereby (see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969 [1986]). The instant complaint fails to plead sufficient nonconclusory allegations to meet this standard. Plaintiff neither alleges specific facts that could support an inference that defendants were motivated solely by a desire to harm her, nor does she allege specific facts that, if proven, would show that the communicated evaluation of plaintiff as an "average" employee was objectively false or otherwise independently wrongful (see Miller v Mount Sinai Med. Ctr., 288 AD2d 72, 72-73 [2001]). Accordingly, the cause of action for tortious interference with prospective business advantage should have been dismissed. Concur—Nardelli, J.P., Saxe, Williams and Friedman, JJ.