■ DANIEL KIRK et al., Appellants, v SCHINDLER ELEVATOR CORP., Respondent. [854 NYS2d 4]—

Plaintiff was reassigned, on the basis of performance reviews and other criteria, from a managerial position to a supervisory, nonmanagerial position, possibly with a reduction of pay; he was assured, however, that his employer needed him and he would remain employed. Rather than accept what he viewed as a demotion, plaintiff resigned and took a new managerial position at another company, albeit at a lower salary. Since he left voluntarily, defendant did not provide him with a severance package. After plaintiff left, he realized that he could receive higher compensation by utilizing his master electrician's license in his new position. However, the transfer of the license from the former employer to the new employer was delayed under New York City regulations until old building code violations were resolved. By the time of the motion, the matter appears to have been resolved.

The delay in clearing plaintiff's license for transfer did not amount to tortious interference with business relations. Defendant was not shown to have acted intentionally with malice toward plaintiff, nor to have targeted any improper conduct at plaintiff's new employer with the intention of interfering with that employment (*Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 189-190 [1980]; *Carvel Corp. v Noonan*, 3 NY3d 182, 189 [2004]; *Jacobs v Continuum Health Partners*, 7 AD3d 312 [2004]), which does not appear to have been compromised. Nor did the conduct alleged constitute the extreme and outrageous wrongdoing necessary for a claim of intentional infliction of emotional distress (*Freihofer v Hearst Corp.*, 65 NY2d 135 [1985]; *see also Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]). Concur—Mazzarelli, J.P., Saxe, Gonzalez and Acosta, JJ.