*449 Order, Supreme Court, New York County (Eileen Bransten, J.), entered May 29, 2012, which denied plaintiff’s motion to dismiss the counterclaims alleged by defendants Soreide Law Group, PLLC, Lars K. Soreide, and Frederick J. Seely for tortious interference with contract (first), tortious interference with business relations (second), tortious interference with business expectancy (third) and malicious prosecution (fourth), unanimously modified, on the law, to grant the motion to the extent of dismissing the second, third, and fourth counterclaims, and otherwise affirmed, without costs.
The court properly declined to dismiss the counterclaim for tortious interference with contract. The record shows that plaintiff knew that defendants had entered into various contracts with plaintiffs former customers for the purpose of commencing arbitration proceedings to recover lost investments. Defendants alleged that without justification, plaintiff commenced the instant action in order to render defendants’ representation of their clients impossible (see generally Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]).
However, we find that dismissal of the counterclaims for tortious interference with business relations and with business expectancy is warranted. Defendants have properly alleged that plaintiff used wrongful means by commencing this action to interfere with defendants’ business relations with their clients, who were former customers of plaintiff (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 191 [1980]). However, defendants have not alleged that plaintiffs conduct was directed at the clients with whom defendants have or sought to have a relationship (see Carvel Corp. v Noonan, 3 NY3d 182, 192 [2004]).
The counterclaim for malicious prosecution must also be dismissed, since defendants failed to allege the termination of a prior proceeding in their favor, a required element of the claim (see generally Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied 423 US 929 [1975]; see Sasso v Corniola, 154 AD2d 362, 363 [2d Dept 1989]). Concur — Gonzalez, EJ., Saxe, Catterson, Acosta and Gische, JJ.