(February 10, 2015)

■ ARNON LTD (IOM), Respondent, v WILLIAM BEIERWALTES et al., Appellants. [3 NYS3d 31]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 29, 2013, which, insofar as appealed from as limited by the briefs, granted plaintiff's CPLR 3211 (a) (7) motion to dismiss defendants' counterclaims for fraudulent inducement and tortious interference with prospective economic relations, unanimously affirmed, without costs.

Plaintiff commenced this action against defendants, alleging breach of contract for terminating a sale under which defendants had agreed to sell it an antique Greek sculpture. Defendants responded that plaintiff was the one who breached the agreement, and asserted counterclaims for, among other things, fraudulent inducement and tortious interference with prospective economic relations. The court issued a temporary restraining order preventing defendants from transferring the sculpture to a new buyer. The parties then stipulated that defendant Phoenix would hold the sculpture at its storage facility pending the outcome of this action.

The court properly dismissed defendants' fraudulent inducement counterclaim as duplicative of their breach of contract counterclaim. The alleged misrepresentation made by plaintiff that it had the capability and intent to immediately pay for the sculpture amounted only to an "insincere promise of future performance" of the contract (*First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 292 [1st Dept 1999]; *see also Forty Cent. Park S., Inc. v Anza*, 117 AD3d 523 [1st Dept 2014]; *767 Third Ave. LLC v Greble & Finger, LLP*, 8 AD3d 75 [1st Dept 2004]).

The court also properly dismissed the counterclaim for tortious interference with prospective economic relations. The claim requires a showing that the interference was accomplished by wrongful means or with malicious intent (*see Carvel Corp. v Noonan*, 3 NY3d 182, 191 [2004]; *Jacobs v Continuum Health Partners*, 7 AD3d 312 [1st Dept 2004]). " 'Wrongful means' include[s] physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure" (*Carvel*, 3 NY3d at 191). Where the interfering conduct is a civil suit, it must be shown that the suit was

"frivolous" (*Pagliaccio v Holborn Corp.*, 289 AD2d 85, 85 [1st Dept 2001]).

Accepting defendants' allegations as true and affording them every favorable inference (*see Siegmund Strauss, Inc. v East 149th Realty Corp.*, 104 AD3d 401, 403 [1st Dept 2013]), defendants have set forth sufficient facts to support their claim that plaintiff's action against them was frivolous. However, "conduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship" (*Carvel*, 3 NY3d at 192). Here, the interfering lawsuit was not directed at the defendants' customers so as to induce or cause them to terminate business relations with defendants. Rather, the suit was directed at defendants to prevent them from carrying out their obligations to sell the sculpture to the new buyer (*see Devash LLC v German Am. Capital Corp.*, 104 AD3d 71, 79 [1st Dept 2013], *lv denied* 21 NY3d 863 [2013] ["Nor does the complaint allege that any tortious activity was directed at the prospective lessees, rather than directly against plaintiff"]; *Rockwell Global Capital, LLC v Soreide Law Group, PLLC*, 100 AD3d 448, 449 [1st Dept 2012]). Defendants' argument that their business relationships with each other have been damaged by plaintiff's suit is unsupported and unavailing. Concur—Gonzalez, P.J., Friedman, Andrias, Gische and Kapnick, JJ. **[Prior Case History: 2013 NY Slip Op 32737(U).]**