DeLaurentis v Malley (2018 NY Slip Op 03464)





DeLaurentis v Malley


2018 NY Slip Op 03464


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6543 114259/11

[*1]Brian M. DeLaurentis, Plaintiff-Appellant,
v
Eric Malley, et al., Defendants-Respondents.


Brian M. DeLaurentis, P.C., New York (Brian M. DeLaurentis of counsel), for appellant.
Gordon & Rees, LLP, New York (Jennifer A. Guidea of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about October 12, 2016, which denied plaintiff's motion for summary judgment pursuant to CPLR 3212, and granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
In this action to recover a broker's fee from defendant Malley on account of a lost sale, the IAS court properly determined that plaintiff, a licensed real estate broker, did not qualify as a third-party beneficiary under the RLS Universal Co-Brokerage Agreement/Rules and Regulations (the Co-Brokerage Agreement) according to its plain terms (State of Cal. Pub. Employee's Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [2000]). Even if plaintiff was entitled to sue defendant (also a licensed real estate broker) under the agreement, plaintiff's allegations of breach grounded in, among other things, defendants' purported failure to disclose an offer and in making an unauthorized and fraudulent counteroffer, are flatly contradicted by the record. The IAS court properly dismissed plaintiff's breach of the implied covenant claim, which "may not be used as a substitute for a nonviable claim of breach of contract" (StarVest Partners II v Emportal, Inc., 101 AD3d 610, 613 [1st Dept 2012]).
The claim for tortious interference with a business opportunity/prospective advantage also fails in light of plaintiff's unsupported factual allegations. On the law, the claim fails because (1) the conduct complained of was not directed specifically towards a third-party (Arnon Ltd. [IOM] v Beierwaltes, 125 AD3d 453, 454 [1st Dept 2015] and because (2) none of the alleged acts fell within the definition of "wrongful means" (id.; Carvel Corp. v Noonan, 3 NY3d 182, 191 [2004]).
Plaintiff's claim for housing discrimination under Executive Law § 296(5)(c)(1) was also properly dismissed. Plaintiff has failed to make a prima facie showing that either he or his client were discriminated against on account of their sexual orientation (see McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973]; Sayeh v 66 Madison Ave. Apt. Corp., 73 AD3d 459, 461 [1st Dept 2010]). There are no facts to support a finding that defendant denied plaintiff any services to which he was entitled, and plaintiff has failed to successfully raise an inference of discrimination (id.; Berner v Gay Men's Health Crisis, 295 AD2d 119, 119 [1st Dept 2002]).
The IAS court also correctly determined that there was no vicarious liability on the part of defendant Sotheby's in light of defendant Malley's lack of liability to plaintiff.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK