Lyle V. BRENNA, Plaintiff-Appellant,

v.

SOUTHERN COLORADO STATE COL-
LEGE, and the Trustees of the State
Colleges in Colorado, Robert W. Bartley,
L. Richard Bratton, Thomas W. Ewing,
Carol Gossard, Betty I. Naugle, all the
above Individually and as Trustees of
the State Colleges in Colorado, Phillip
A. Winslow, as a present Trustee, Gerald
A. Caplan, as a former Trustee, Harry P.
Bowes, Individually and as President of
Southern Colorado State College, Don-
ald Janes, Individually and as Dean of
Southern Colorado State College, Mari-
on Boss, Individually and as Department
Head for Office Education and Business
Education, Defendants-Appellees.

American Association of University
Professors, Amicus Curiae.

No. 77–1940.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 13, 1978.

Decided Dec. 13, 1978.

David M. Silberman, Bredhoff, Gottesman, Cohen & Weinberg, Washington, D.C. (Michael H. Gottesman, Robert M. Weinberg, Bredhoff, Gottesman, Cohen & Weinberg, Washington, D.C., and Larry F. Hobbs, Jesse N. Lipschuetz, Hobbs & Waldbaum, P.C., Denver, Colo., on brief), for plaintiff-appellant.

Mary J. Mullarkey, First Asst. Atty. Gen., Denver, Colo. (J. D. MacFarlane, Atty. Gen., Denver, Colo., on brief), for defendants-appellees.

David M. Rabban, Washington, D.C., for amicus curiae.

Before SETH, Chief Judge, and DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Appellant was a tenured professor at Southern Colorado State College. Because of bona fide budgetary exigencies it became necessary for the college to reduce its full time faculty from 340 to 308. Those staff cuts were allocated among the various departments by administrative decision with one cut allocated to appellant's academic department. The head of the department was assigned responsibility to recommend which faculty member "his department would best get along without." Record, vol. 2, at 64. Appellant was selected even though there was a nontenured faculty member in the department. There was testimony that appellant was selected over the nontenured professor because the college had lost its accreditation in appellant's primary area of training and expertise. Furthermore, the college administration concluded that the nontenured professor would give the department increased versatility and allow for greater flexibility in making teaching assignments in the courses still to be offered. It is conceded that this decision was made in good faith and was not pretextual.

Although contested below, there is no question on appeal that the procedures and hearings provided in the process of removing appellant satisfied the demands of procedural due process mandated by the Fourteenth Amendment. Appellant's claim here is that the decision to remove him instead of the nontenured professor was so arbitrary or capricious as to violate the concept of "substantive" due process embodied in the Fourteenth Amendment. His action to test this view was brought under 42 U.S.C. § 1983 with jurisdiction based on 28 U.S.C. §§ 1343(3) and 1331. The trial court granted a motion for summary judgment in favor of the college. We affirm.

In order to present a claim of denial of "substantive" due process by a discharge for arbitrary or capricious reasons, a liberty or property interest must be present to which the protection of due process can attach. *See Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *McGhee v. Draper*, 564 F.2d 902 (10th Cir. 1977); *Weathers v. West Yuma County School District R–J–1*, 530 F.2d 1335–38 (10th Cir. 1976). Professor Brenna was tenured and thus had a property interest deserving of the procedural and substantive protections of the Fourteenth Amendment. *Martin v. Harrah Independent School District*, 579 F.2d 1192, 1198 (10th Cir. 1978), *petition for cert. filed,* —— U.S. ——, 99 S.Ct. 1062, 59 L.Ed.2d —— (1978).

Appellant acknowledges that the federal Constitution does not require that wherever possible tenured faculty be retained over

nontenured faculty.[1] Appellant also acknowledged at oral argument that not every breach of contract by a state constitutes deprivation of a property interest in violation of the Due Process Clause entitling the person aggrieved to relief under 42 U.S.C. § 1983.

We agree that the Fourteenth Amendment does not require that Southern Colorado State College use any particular selection process, so long as the procedure chosen is a reasonable one. The Fourteenth Amendment does not prohibit all state deprivations of property, but only those which are effectuated without due process of law. The term "tenure," in the constitutional context, merely provides appellant with a property interest. "Substantive" due process requires only that termination of that interest not be arbitrary, capricious, or without a rational basis. *Martin v. Harrah Independent School District*, 579 F.2d at 1198; *Jeffries v. Turkey Run Consolidated School District*, 492 F.2d 1, 3–4 (7th Cir. 1974).

The rights of appellant are measured in the first instance by the regulations under which he held tenure. Substantive due process is triggered only if those rights are dealt with in an arbitrary or capricious manner. The tenure policy provided that termination of tenured faculty was permissible in the event of a "bona fide budgetary exigency," which it is agreed existed in this case. The policy made no provisions for the method of selecting persons to be terminated in authorized reductions. However, appellant argues that, at least as among faculty members in the same department, there is an implied condition that nontenured faculty must be terminated before tenured if there is work which the tenured faculty member is capable of performing.[2] It is not necessary for us to resolve this issue, which essentially is a matter of simple contract law for state court interpretation, in order to decide this case. It is enough to note that the interpretation applied by the college's administrative officials in selecting the criteria for deciding which faculty members would be terminated was sufficiently reasonable to put to rest any claim that their decision was arbitrary or capricious. Likewise, their decision as to which currently employed faculty member least met the needs of the department was based on substantial evidence and was made in good faith, which would preclude a finding that it was arbitrary or capricious. *See Bignall v. North Idaho College*, 538 F.2d 243

1. In *Johnson v. Board of Regents of University of Wisconsin System*, 377 F.Supp. 227 (W.D. Wis.1974), aff'd mem., 510 F.2d 975 (7th Cir. 1975), a case in which tenured university professors claimed their termination violated due process, the court addressed this issue:

> [T]he . . . question is whether the federal constitution requires that the selection be made on one specific basis or another: in inverse order of seniority within the department, for example; or in order of seniority; or in terms of record of performance or potential for performance; or in inverse order of seniority, but with exceptions for the necessity to retain teachers in the department with specific skills or funds of knowledge. I believe that the federal constitution is silent on these questions, and that the identity of the decision-maker and the choice of a basis for selection lie within the discretion of the state government.

377 F.Supp. at 238.

2. In support of this contention, appellant cites, among other things, a provision of the Personnel Regulations and Policies of the Trustees of the State Colleges in Colorado:

> Tenure shall be terminated only for good cause, except in the case of retirement at the age of 65, or except for bona fide budgetary exigencies . . . . .
> The regulations herein listed shall govern the granting of tenure:
>
> .       .       .       .       .
> 10. Termination of tenure because of extraordinary financial emergency at the institution shall be demonstrably bona fide. If such a termination is necessary, the position shall not be filled for two academic years unless the faculty member terminated is first given the opportunity to refill the position.

Record, vol. 4, exhibit C.

He also cites certain national policy conventions of the American Association of University Professors (AAUP) and the Association of American Colleges. There was no showing that the college accepted the AAUP's construction of these tenure provisions as its own, only that its own tenure clause follows the national guidelines quite closely.

(9th Cir. 1976); *Levitt v. Board of Trustees of Nebraska State Colleges*, 376 F.Supp. 945 (D.Neb.1974).

AFFIRMED.