**Charlie HARRIS; Jacqueline Harris, Plaintiffs–Appellants,**

v.

**AKRON DEPARTMENT OF PUBLIC HEALTH; Akron City Council; John Valle, President of Akron City Council; C. William Keck, MD, MPH, Director of Health; Robert Remmel; Jodie Forester; Jon Apati, Defendants–Appellees.**

**Raymond L. Borom, Plaintiff–Appellant,**

v.

**Akron Department of Public Health; John Valle, President of Akron City Council; Akron City Council, Defendants–Appellees.**

**John H. Harris, Plaintiff–Appellant,**

v.

**Akron Department of Public Health; Akron City Council; John Valle; President of Akron City Council; John Doe; City of Akron, Defendants–Appellees.**

**John H. Harris, Plaintiff–Appellant,**

v.

**C. William Keck, Director of Health; Michele Williams, Laura Smart, Dwayne Groegor, Kevin Ragle, Sanitarian/Inspectors; Steven R. Nome, Supervisor; Robert Remmel, Special Projects Coordinator; Akron Health Department Inspectors/Sanitarians, Defendants–Appellees.**

**Anthony C. Mauro, individually and as President of Urban Imperial Building and Rental Corporation, Plaintiff–Appellant,**

v.

**City of Akron, Defendant—Appellee.**

Nos. 00–3497, 00–3511, 00–3528, 00–3540, 00–3544.

United States Court of Appeals, Sixth Circuit.

May 8, 2001.

Before SILER and GILMAN, Circuit Judges; DUGGAN, District Judge.*

### ORDER

Pro se plaintiffs Charlie and Jacqueline Harris, Raymond L. Borom, John H. Harris, Harold Harris, and Anthony C. Mauro (proceeding individually and as President of Urban Imperial Building and Rental Corporation) appeal a district court judgment dismissing their consolidated civil rights actions filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

In 1996, the City of Akron, Ohio ("City") enacted Ordinance No. 769–1996 ("Ordinance") (codified at Akron City Envtl. Health Housing Code, Ch. 150 ("Code")), which provides for, inter alia, the registration and inspection of residential rental property. The plaintiffs all own rental units governed by the Ordinance. Accordingly, Charlie and Jacqueline Harris (Case No. 00–3497) and John Harris and L. Ruth Works (Case No. 00–3528) filed separate pro se suits in federal court in 1996, challenging the constitutionality of the Ordinance; Borom and others (Case No. 00–3511) did likewise in 1997; and Mauro (Case No. 00–3544) did as well in 1998. In May 1998, the aforementioned plaintiffs filed separate amended complaints through counsel, specifically asserting that the Ordinance violated the Fourteenth Amendment.

In December 1998, counsel moved to withdraw upon learning that John Harris possibly had made a personal tape of a court hearing. The district judge held a hearing on the matter and found that Harris had clearly intended to convey the impression that a tape had been made, although it could not be determined whether a tape did exist. The district court thus granted counsel's motion to withdraw, and denied Charlie Harris's request for recusal.

During 1999, the district court denied several requests by Charlie and Jacqueline Harris to amend their complaint. Undeterred, the Harrises filed a pro se complaint with the desired changes in state court. The complaint named various city employees as defendants (Keck, Remmel, Forester, and Apati) and raised claims under the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments, as well as state law. The defendants removed the action to federal court and the district court consolidated it with the Harrises'

other action (Case No. 00–3497). At about the same time, John Harris and Harold Harris filed a similar state court complaint against some of the same city employees (Keck, Remmel, Williams, Smart, Groegor, Ragle, and Nome). The complaint also raised claims under the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments, and state law. The defendants likewise removed this action to federal court (Case No. 00–3540).

Because the plaintiffs had not properly responded to discovery requests in the face of numerous motions to compel, the City filed a Fed.R.Civ.P. 37(c)(1) motion to exclude any additional evidence presented by the plaintiffs from motions practice and trial. The district court granted the motion and thereafter granted summary judgment in favor of all defendants on March 22, 2000.

The plaintiffs have filed timely appeals and separate briefs; this court granted the defendants leave to file a consolidated brief. In their briefs, the plaintiffs reassert that the Ordinance is unconstitutional because it violates the Fourth Amendment (Case Nos. 00–3497/3511/3528/3540), the Double Jeopardy Clause (Case No. 00–3540), the Sixth Amendment (Case No. 00–3540), the Due Process Clause (Case Nos. 00–3497/3511/3544), and the Equal Protection Clause (Case Nos. 00–3497/3511). Charlie and Jacqueline Harris further contend that the district court erred by granting the City's motion to exclude evidence; Borom argues that the City's implementation of the Ordinance violates the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1951 et seq.; and John Harris raises the issue of judicial bias (Case No. 00–3528). The plaintiffs request oral argument and move for miscellaneous relief.

■ Initially, we note that the sole appellants properly before the court consist

of Charlie and Jacqueline Harris, Raymond L. Borom, John H. Harris, and Anthony C. Mauro (proceeding individually). L. Ruth Works and Harold Harris failed to sign their respective notices of appeal. *See Mattingly v. Farmers State Bank,* 153 F.3d 336, 337 (6th Cir.1998). Jacqueline Harris is a proper appellant because her spouse signed on her behalf. *See* Fed. R.App. P. 3(c)(1)(A). Mauro may not proceed on behalf of Urban Imperial Building and Rental Corporation, as a corporation must be represented in court by an attorney and may not be represented by an officer. *See Doherty v. Am. Motors Corp.,* 728 F.2d 334, 340 (6th Cir.1984); *Ginger v.. Cohn,* 426 F.2d 1385, 1386 (6th Cir. 1970).

We decline to consider Borom's argument that the City's implementation of the Ordinance violates RICO. Borom did not raise this claim in his complaint, and no exceptional circumstances are present which merit its consideration. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996).

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants for the reasons stated in its opinion. *See Harrow Prods., Inc. v. Liberty Mut. Ins. Co.,* 64 F.3d 1015, 1019 (6th Cir.1995).

■ The Ordinance does not violate the Fourth Amendment as it expressly provides that if entry is refused, an inspection may only be conducted as provided by law, and that the Ordinance shall not be construed to require an owner to consent to a warrantless inspection. *See* Code § 150.02(A); *Camara v. Mun. Ct. of San Francisco,* 387 U.S. 523, 540, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). Furthermore, the plaintiffs have provided no evidence of any warrantless inspection carried out in the absence of both consent and emergency conditions.

■ The requirement of mandatory inspections following a criminal conviction does not violate the Double Jeopardy Clause as it is a civil sanction which serves the legitimate nonpunitive governmental objective of maintaining safe rental housing. *See Hudson v. United States,* 522 U.S. 93, 98–99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997).

The plaintiffs' allegations that the Ordinance has been applied in violation of the Sixth Amendment are too vague and conclusory to state a claim. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

■ The Ordinance does not violate substantive due process as it is a reasonable means of advancing legitimate governmental interests. *See Mansfield Apt. Owners Ass'n v. City of Mansfield,* 988 F.2d 1469, 1477–78 (6th Cir.1993). In the preamble to the Ordinance, the City Council declared that the Ordinance was necessary because deteriorated rental dwellings with code violations were a threat to new development, housing stock, property values, public health, safety, welfare, and aesthetics. These concerns include legitimate governmental interests. *See, e.g., Church of the Lukumi Babalu Aye v. City of Hialeah,* 508 U.S. 520, 538, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993) (public health); *Barnes v. Glen Theatre,* 501 U.S. 560, 569, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991) (safety); *Metromedia v. City of San Diego,* 453 U.S. 490, 507, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981) (aesthetics). Furthermore, the Ordinance does not shock the conscience as it does not involve physical force. *See Mansfield Apt. Owners Ass'n,* 988 F.2d at 1478.

■ The plaintiffs failed to state a procedural due process claim because the Ordinance provides for a state remedy that

comports with procedural due process. *See id.* at 1475. No administrative penalty is assessed until after a notice and Housing Code Order is served on the owner/operator. *See* Code § 150.03(F). An owner/operator may contest a Housing Code Order by, in turn, seeking a hearing and an appeal as of right with the City of Akron Housing Appeals Board, and thereafter by seeking judicial review. *See* Code § 150.05; Ohio Rev.Code § 2506.01.

■ The Ordinance does not violate the Equal Protection Clause as a rational basis exists for singling out rental property for regulation. *See Marshall v. United States,* 414 U.S. 417, 422, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974). In the City of Akron, 45% of rental units have code violations as opposed to 17% of owner-occupied units. We note that the plaintiffs provided no evidence that a rational basis did not exist or that the Ordinance was enforced more often against owner/operators who provide low income housing.

The remaining arguments on appeal lack merit as well. The district court did not abuse its discretion by excluding any further evidence from Charlie and Jacqueline Harris as a Rule 37 sanction after they repeatedly failed to provide complete and appropriate responses to discovery requests. *See Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 551 (6th Cir.1994).

Likewise, the district judge did not abuse his discretion by failing to recuse himself. The plaintiffs were not entitled to recusal under 28 U.S.C. § 144 because they did not file an affidavit alleging judicial bias in the district court. *See United States v. Sammons,* 918 F.2d 592, 598–99 (6th Cir.1990). Furthermore, the judge was not obligated to recuse himself pursuant to 28 U.S.C. § 455(a) because no reasonable person would be convinced that the judge was biased against the plaintiffs. *See id.* at 599. All of the plaintiffs' allega-

tions referred to the judge's participation in the proceedings and do not support recusal. *See id.*

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.