Mary Anton JONES, Aaron Kirby, John Bush, Jerry Carbrey, Al Haverty, Joseph Keating, Mark Lehmann, Robert Moody, Aron Olivera, Philip Hemphill and Sandy Warner, Plaintiffs,

v.

Michael WILDGEN, David Corliss, Barry Walthall, Victor Torres, David Dunfield, Sue Hack, Marty Kennedy, Mike Rundle, Jim Henry, Erv Hodges, all in their individual and official capacities, City of Lawrence, Kansas, Lee Smith, Shawn Murphy, Brian Jiminez, and John Doe, all in their individual and official capacities, Defendants.

No. CIV.A.03–2369–KHV.

United States District Court, D. Kansas.

Dec. 14, 2004.

Christopher R. P. Miller, Little & Miller Chtd, Lawrence, KS, for Plaintiff.

Gerald L. Cooley, Randall F. Larkin, Gilliland & Hayes, P.A.-US Bank Tower, Lawrence, KS, for Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiffs filed suit against the City of Lawrence, Kansas and various City officials under 42 U.S.C. § 1983, alleging that defendants enacted and enforced a city ordinance which requires that rental properties be licensed in certain residential areas, and that they thereby violated plaintiffs' constitutional rights and their rights under unspecified federal statutes. On June 2, 2004, this Court sustained defendants' motion to dismiss, *see Memorandum And Order* (Doc. # 28), but granted plaintiffs leave to file an amended complaint as to certain claims.[1] This matter comes before the Court on plaintiffs' *Motion For Reconsideration And For Leave To File An Amended Petition* (Doc. # 30) filed June 14, 2004. For reasons stated below, plaintiffs' motion is sustained in part and overruled in part.

### I. *Motion To Reconsider*

The Court has discretion whether to grant a motion to reconsider. *See Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir.1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. *See Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981); *Burnett v. W. Res., Inc.,* 929 F.Supp. 1349, 1360 (D.Kan.1996). A motion to reconsider is not a second opportunity for the losing party to make its

---

1. The order stated that "on or before June 18, 2004, plaintiffs may file [a motion for] leave to amend their complaint to overcome the defense of qualified immunity, and landlord plaintiffs may file an amended complaint setting forth their as-applied procedural due process claim." *See* Doc. # 28 at 30.

strongest case, to rehash arguments, or to dress up arguments that previously failed. *See Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484, 1994 WL 708220 (10th Cir.1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).

■ In six pages of argument in support of their motion for reconsideration, plaintiffs cite no legal authority except the ordinance which they challenge. Local rules require that plaintiffs' brief articulate their arguments in a format which "shall refer to all statutes, rules and authorities relied upon." D. Kan. Rule 7.6(a)(4). Plaintiffs' motion to reconsider does not comply with that rule, and plaintiffs' argument does not demonstrate that reconsideration is justified because of an intervening change in controlling law or the need to correct clear error or prevent manifest injustice.[2]

## II. *Motion For Leave To File An Amended Complaint*

■ Alternatively, plaintiffs seek leave to file an amended complaint. Leave to amend is a matter committed to the sound discretion of the district court. *See*

---

**2.** In part, plaintiffs ask the Court to reconsider its ruling that a motion to certify a class would be untimely. In their motion to dismiss, defendants argued that based on the allegations in the amended complaint, plaintiffs could not maintain this suit as a class action under Rule 23. *See Briggs v. Aldi*, 218 F.Supp.2d 1260, 1265 (D.Kan.2002). In response, plaintiffs asserted that they met the basic pleading requirements under D. Kan. Rule 23.1. In sustaining defendants' motion, the Court noted that plaintiffs had not filed a timely motion for class certification under D. Kan. Rule 23.1(b).

*First City Bank. N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127 (10th Cir. 1987). Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay,prejudice to the opposing party is the key factor in deciding a motion to amend. *See Lange v. Cigna Individual Fin. Servs. Co.*, 759 F.Supp. 764, 769 (D.Kan.1991). Prejudice under Rule 15 means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party. *See Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 508 (D.Kan. 1998) (citing *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir.1983)).

### A. *Claims For Which The Court Specifically Invited Plaintiffs To File Leave To Amend*

1. *Qualified Immunity: Claims Against Individual Defendants In Individual Capacities*

Defendants moved to dismiss plaintiffs' claims against the individual defendants under the doctrine of qualified immunity. In sustaining that motion, the Court set out the familiar two-part test:

The parties now represent to the Court that at the initial scheduling conference, Magistrate Judge James O'Hara discussed the certification issue with counsel and gave plaintiffs permission to withhold filing a motion for class action status until this Court ruled on the motion to dismiss. As set forth below, the Court has now found that defendants are entitled to dismissal on all but two claims. The Court will revisit the certification issue if either or both of those claims remain viable after defendants have had an opportunity to file a motion to dismiss.

To determine whether plaintiffs can overcome the qualified immunity defense, the Court first determines whether plaintiffs have asserted a violation of a constitutional or statutory right. *Roska*, 328 F.3d at 1239. The Court then decides whether that right was clearly established such that a reasonable person would have known that the conduct violated that right. *Id.* (citing *Garramone v. Romo*, 94 F.3d 1446, 1449 (10th Cir.1996)). Order is important; the Court must decide first whether plaintiffs have alleged a constitutional violation, and only then proceed to determine whether the law was clearly established. *Roska*, 328 F.3d at 1239 (citing *Saucier v. Katz*, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

*Memorandum And Order* (Doc. # 28) at 12. The Court then found as follows:

Plaintiffs do not allege specific conduct by which non-legislator defendants (Wildgen, Corliss, Walthall, Torres, Smith, Murphy, Jiminez and John Doe) violated plaintiffs' constitutional rights. Plaintiffs must allege facts sufficient to establish that each individual defendant personally participated in the alleged violations. *See Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir.1996); *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976). Plaintiffs' allegations do not do so and on this complaint, these individual defendants are entitled to qualified immunity. **If plaintiffs wish to amend their complaint to overcome the defense of qualified immunity, the Court will consider an appropriate motion filed no later than June 18, 2004.**

*Id.* (bold text in original)(footnote omitted).

Plaintiff's proposed amended complaint alleges that "the individual defendants have all participated directly in efforts to enforce the provisions of the ordinance scheme, in direct violation of the Plaintiffs' federal rights." *Proposed Second Amended Complaint* ¶ 33. The proposed amended complaint further alleges as follows:

[defendants Michael Wildgen, David Corliss, Barry Walthall and Victor Torres] directed other Defendants and employees of the City of Lawrence to issue Orders and Notices, to the Plaintiffs, claiming violations of the ordinances; enter property without the consent of the owner or occupant, and without probable cause to believe any law has been violated; prosecute the Plaintiffs for alleged violations of the challenged ordinances without first providing the Plaintiffs with the opportunity to have a hearing, as provided by the ordinances, to contest the Orders and Notices, determine, at the individual employee's discretion, which potential code violations should be permitted, as well as which should be immediately remedied; as well as personally participate in a coordinated effort to force the Plaintiffs to abandon lawful use of real property, in certain areas of the City of Lawrence.

*Id.* ¶¶ 34–37. The proposed amended complaint also includes the following allegations as to the remaining individual, non-legislator defendants:

The Defendants Lee Smith, Shawn Murphy, and Brian Jiminez have personally participated in issuing Orders and Notices, to the Plaintiffs, claiming violations of the ordinances; enter property without the consent of the owner or occupant, and without probable cause to believe any law has been violated; prosecuting the Plaintiffs for alleged violations of the ordinances without first providing the Plaintiffs with the opportunity to have a hearing, as provided by the ordinances, to contest the Orders and Notices; determine, at the individual employees' discretion, which potential code violations should be permitted, as

well as which should be immediately remedied; as well as personally participating in a coordinated effort to force the Plaintiffs to abandon the lawful use of real property, in certain areas of the City of Lawrence.

*Id.* ¶ 38.

 Simply stating that officials participated in illegal conduct "insufficiently describes the conduct and fails to articulate the affected rights." *Schroeder v. Kochanowski,* 311 F.Supp.2d 1241, 1252 (D.Kan.2004) (defendant entitled to qualified immunity where complaint merely stated that defendant participated in illegal tow, improper procurement of evidence and abusive questioning; plaintiff did not sufficiently describe conduct and did not articulate affected rights). Although the Tenth Circuit previously employed a heightened pleading standard in qualified immunity cases, it has now abolished that requirement. *See Currier v. Doran,* 242 F.3d 905, 916–17 (10th Cir.2001). To defeat qualified immunity, plaintiff must allege a clearly established right and allege that defendant violated it. The allegations, however, need not contain specific dates and times of each alleged infraction. *See Neiberger v. Hawkins,* 6 Fed.Appx. 683, 2001 WL 227405 (10th Cir.2001) (allegations that defendants provided insufficient care, poor treatment and invasive searches to mental health patients sufficient to allege violation of constitutional right to reasonable care and safety in state custody); *see also Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir.1997) (individual liability under § 1983 must be based on personal involvement in alleged constitutional violation); *cf. Strepka v. Miller,* 28 Fed.Appx. 823, 2001 WL 1475058 (10th Cir.2001) (to state claim against particular defendant, plaintiff had to allege facts showing that said defendant personally

participated in or caused constitutional violation).

 For the most part, plaintiffs' proposed amended complaint does not go any further than the first amended complaint in alleging that the individual defendants personally participated in any constitutional violation. As to plaintiffs' claim that defendants violated their Fourth Amendment rights to be free from unreasonable searches without probable cause, however, the proposed amended complaint alleges additional facts: that the individual defendants personally "enter[ed or directed other defendants to enter] property without the consent of the owner or occupant, and without probable cause to believe that any law ha[d] been violated." *Proposed Amended Complaint* ¶¶ 34–38. In ruling on defendants' motion to dismiss, the Court found that plaintiffs had not set forth a factual basis for their as-applied Fourth Amendment claim, and therefore dismissed it as conclusory. Although on its face the ordinance provides only for lawful entry, plaintiffs have now alleged that where tenants or landlords have refused entry for inspections, the individual defendants have nonetheless entered the property without "probable cause." *Cf. Harris v. Akron Dep't of Pub. Health,* 10 Fed.Appx. 316, 319, 2001 WL 523553 (6th Cir.2001) (no Fourth Amendment violation where ordinance expressly provided that if entry was refused, inspection would only be conducted as provided by law and would not be construed to require consent to warrantless inspection) (citing *Camara v. Mun. Court of San Fran.,* 387 U.S. 523, 540, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967)). As set forth below, in the analysis of the Fourth Amendment claim, the Court finds that plaintiffs have now met their burden of alleging conduct which sets forth a violation of their Fourth Amendment rights.

Below, the Court finds that the landlord plaintiffs have now set forth an as-applied procedural due process claim under the Fourteenth Amendment. The proposed amended complaint alleges that each individual defendant participated in violating plaintiffs' procedural due process rights. For purposes of qualified immunity, the next question is whether plaintiffs' rights under the Fourth and Fourteenth Amendments were clearly established at the time of the alleged violations. Neither party has addressed this issue. Therefore the Court cannot conclude that leave to amend to assert these claims would be futile.

### 2. *Landlord Plaintiffs' As–Applied Procedural Due Process Claims*

■■■ Defendants also moved to dismiss plaintiffs' as-applied due process claims under the Fourteenth Amendment. The Court sustained the motion, finding that the landlord plaintiffs had not specifically alleged how application of the ordinance violated their rights to procedural due process. *See Sims,* 120 F.Supp.2d at 950 (pleading must state facts upon which plaintiffs' claims rest). The Court dismissed the claims with leave to amend, however, and directed plaintiffs as follows:

> In any amended complaint, plaintiffs shall set out the following details: (1) which landlord plaintiffs received notices of violations and when; (2) what repairs the notices required and by what date; (3) whether any such landlord plaintiffs sought a hearing; (4) whether any particular landlord plaintiff was placed on probationary status, had a license revoked or suffered fines or other sanctions; (5) whether any particular landlord plaintiff received a hearing and if so, when the hearing was held and what the result was; and (6) which landlord plaintiff was subjected to wrongful entry, when, and why the entry was wrongful (Count One).

*Memorandum And Order* (Doc. # 28) at 18–19.

The proposed amended complaint includes more details than the prior complaint: it identifies five landlord plaintiffs who received notices of violations, one landlord plaintiff whose request for a hearing was "ignored," and one landlord plaintiff whom the City required to make extensive repairs without an opportunity to challenge the requirement. Although the proposed amended complaint still includes no dates or details of notices, required repairs or wrongful entries, the Court will sustain plaintiffs' motion to amend the complaint as to the procedural due process claim (Count One).

### B. *Other Claims*

■■■ Defendants note that in the proposed amended complaint, plaintiffs include claims which the Court dismissed without leave to amend. In addition to the landlords plaintiffs' as-applied procedural due process claim, the proposed amended complaint includes numerous other claims. First, the landlord plaintiffs allege a substantive due process claim that the City enacted the occupancy limit, registration fee and penalty provisions for the specific purpose of "forcing certain property owners to abandon the lawful use of their real property, in certain areas of the City of Lawrence" and that these provisions "amount to a fine or penalty violating the substantive due process guarantees of the Fifth and Fourteenth Amendments." *Proposed Amended Complaint* ¶¶ 46–47. Absent invidious discrimination, a suspect class or a fundamental interest, courts limit their review of a substantive due process challenge to quasi-legislative or quasi-judicial zoning decisions to whether the decision was "arbitrary and capricious." *Village of Euclid v. Ambler Realty Co.,* 272

U.S. 365, 388, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *RRI Realty Corp. v. Southampton,* 870 F.2d 911, 914 n. 1 (2d Cir.1989); *Burrell v. City of Kankakee,* 815 F.2d 1127, 1129 (7th Cir.1987); *Pace Res. Inc. v. Shrewsbury Township,* 808 F.2d 1023, 1034 (3d Cir.1987). Although plaintiffs allege that the true purpose of the ordinance is to penalize landlords, the Court takes the legislative statement of purpose at face value in this case. *See Pennell v. City of San Jose,* 485 U.S. 1, 14, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988) (in face of equal protection challenge, city need only show ordinance rationally related to legitimate state interest); *Berry v. City of Little Rock,* 904 F.Supp. 940, 943, 948–49 (E.D.Ark.1995) (relying on ordinance statement that rental inspections needed to further interest of health, safety and welfare of tenants). Here, the preamble states that the goal of the ordinance is to protect the integrity of single family districts. Even viewed in the light most favorable to plaintiffs, the amended substantive due process claim does not demonstrate conduct which is arbitrary and capricious, *Brenna v. S. Colo. State Coll.,* 589 F.2d 475, 476 (10th Cir. 1978), or that "shocks the conscience of federal judges," *Uhlrig v. Harder,* 64 F.3d 567, 573 (10th Cir.1995). The City has articulated a rational basis for the occupancy limit and permit system. The Court therefore finds that the proposed amendment is futile.

Second, the proposed amended complaint includes the tenant plaintiffs' claim that enforcement of the regulatory scheme violates their equal protection rights by discriminating against potential tenants based on familial status, in violation of unspecified federal statutes. As with the tenants' earlier equal protection claim, plaintiffs have not specified the federal statutes on which they rely, and the Court will not do so for them.

Third, the proposed amended complaint includes the tenant plaintiffs' claim that, as applied, the ordinance violates their procedural due process rights because it deprives them of privacy by allowing searches without first requiring defendants to obtain a search warrant based on probable cause. Plaintiffs' claim in this regard is the same as in the previous complaint and the Court therefore finds that amendment would be futile.

 Fourth, the proposed amended complaint includes the tenant plaintiffs' claim that representatives of the City violated their Fourth Amendment rights by entering their homes without consent and without probable cause to believe that the property or occupant was violating any law, statute or ordinance. The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment protects the privacy and security of individuals against arbitrary invasions by the government. *New Jersey v. T.L.O.,* 469 U.S. 325, 335, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). The Fourth Amendment only proscribes searches that are unreasonable. *Skinner v. Ry. Labor Executives Ass'n,* 489 U.S. 602, 619, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). Except in carefully defined classes of cases, a search of property is unreasonable unless is has been authorized by a proper search warrant.[3] *Camara,* 387 U.S. at 528–29, 87 S.Ct. 1727 (power of municipal building, fire, health and other

---

**3.** Administrative inspections are treated differently than criminal searches under the Fourth Amendment because of the lesser intrusion generally involved. *See Camara,* 387

officials to enter building without permission for performance of duties, in absence of an emergency, violates constitutional guarantees against unreasonable search and seizure unless search authorized by valid search warrant); *overruled on other grounds, Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *cf. Makula v. Village of Schiller Park,* No. 95 C2400, 1995 WL 755305 (N.D.Ill. Dec. 14, 1995) (onus of demonstrating probable cause on municipality; owner's application for license for multiple family dwelling does not constitute voluntary consent to inspection); *Hometown Co-Operative Apts. v. City of Hometown,* 515 F.Supp. 502 (N.D.Ill.1981) (where parties do not consent to inspection, warrant should be requested from court). Plaintiffs have now alleged that in attempting to enforce the ordinance, City agents have repeatedly entered the homes of tenant plaintiffs without consent and without a warrant. This conduct, if true, could violate the Fourth Amendment. The motion to amend is sustained as to this claim.

Fifth, the proposed amended complaint alleges that the occupancy limit deprives the tenant plaintiffs of their substantive rights to freely associate. This claim is no different that the claim in the previous complaint and the Court finds that the proposed amendment would be futile.

■ Sixth, the proposed amended complaint includes the claims of the tenant plaintiffs that as applied, the ordinance violates the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"), by requiring property owners to discriminate against potential tenants based on age and marital status. This claim is similar to the tenant plaintiffs' previous claim that the ordinance forces landlords to discriminate against them on the basis of age and marital status "in violation of city ordinances, federal and state statutes." In part, the Court dismissed that claim because plaintiffs did not identify particular statutes. Although plaintiffs have now alleged that the ordinance violates the FHA, they have not identified any specific sections of the FHA, and it is impossible for the Court to determine whether plaintiffs have stated a cause of action under the FHA. *See, e.g., Tobin v. City of Peoria, Ill.,* 939 F.Supp. 628 (C.D.Ill.1996) (dismissing claim that inspection ordinance violated 42 U.S.C. § 3604(a) because it did not allege that city refused to sell, rent or make dwelling available or allege facts in regard to FHA violation). The Court therefore overrules plaintiffs' motion to amend the complaint as to the FHA claim.

**IT IS THEREFORE ORDERED** that plaintiffs' *Motion For Reconsideration And For Leave To File An Amended Petition,* (Doc. # 30), filed June 14, 2004 be and hereby is **SUSTAINED in part.** **On or before December 22, 2004, plaintiffs may file the proposed amended complaint as to (1) the landlord plaintiffs' as-applied Fourteenth Amendment procedural due process claim and (2) the tenant plaintiffs' as-applied Fourth Amendment claim.** Plaintiffs' motion is otherwise **OVERRULED.**

---

U.S. at 537, 87 S.Ct. 1727. An administrative search does not require the kind of "probable cause" required for a criminal search. *See O'Connor v. Ortega,* 480 U.S. 709, 722–23, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987). Instead, an administrative warrant can be issued "if there is a showing that reasonable legislative or administrative standards for conducting an inspection are satisfied." *Id.* at 723, 107 S.Ct. 1492; *see also Schaill v. Tippecanoe County Sch. Corp.,* 864 F.2d 1309, 1318 (7th Cir.1988) (search conducted for civil or non-punitive purposes may be valid in circumstances where search conducted as part of criminal investigation would not be).