# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**60**
**CA 13-00757**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND WHALEN, JJ.

---

IN THE MATTER OF MARY D'ALESSANDRO, ON BEHALF
OF VALLEMAIO PROPERTIES, LLC, DAVID BONIS,
DEBORAH BURNS, THOMAS TURNER, BRUCE T. HENRY,
PETITIONERS-PLAINTIFFS-APPELLANTS,
ET AL., PETITIONER-PLAINTIFF,

           V                                 MEMORANDUM AND ORDER

GARY KIRKMIRE, DIRECTOR OF INSPECTION AND
COMPLIANCE SERVICES, BUREAU OF NEIGHBORHOOD
SERVICE CENTER OF CITY OF ROCHESTER, AND CITY
OF ROCHESTER, RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

SANTIAGO BURGER ANNECHINO LLP, ROCHESTER (MICHAEL A. BURGER OF
COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.

ROBERT J. BERGIN, CORPORATION COUNSEL, ROCHESTER (JOHN M. CAMPOLIETO
OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

DIBBLE & MILLER, P.C., ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR
THE NEW YORK STATE COALITION OF PROPERTY OWNERS & BUSINESSES, INC.,
AMICUS CURIAE.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Monroe County (Evelyn Frazee, J.), entered August 3,
2012 in a CPLR article 78 proceeding and declaratory judgment action.
The judgment, inter alia, declared that the case management fees
imposed by defendant-respondent City of Rochester under section 90-21
of the Municipal Code are valid, constitutional and legally imposed.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the motion of
petitioners-plaintiffs for summary judgment is granted, the cross
motion of respondents-defendants for summary judgment is denied, the
determinations against petitioners-plaintiffs David Bonis, Deborah
Burns and Bruce T. Henry are annulled and judgment is granted in favor
of petitioners-plaintiffs-appellants as follows:

       It is ADJUDGED and DECLARED that section 90-21 of the
      Municipal Code of the City of Rochester is unconstitutional
      under the United States and New York Constitutions.

Memorandum: Petitioners-plaintiffs (petitioners) commenced this
hybrid CPLR article 78 proceeding and declaratory judgment action

seeking, inter alia, to declare section 90-21 of the Municipal Code of the City of Rochester (Code) unconstitutional. That section of the Code permits respondent-defendant City of Rochester (City) to collect a "case management fee" (CMF) of $100 in any case in which a property owner has failed, for over one year, to comply with a notice and order notifying that owner of Code violations related to the property (Code § 90-21). The explicit intent of the CMF is "to obtain some reimbursement for the cost of [property] inspections and to reduce the number of [notice and order] cases" (§ 90-21 [A]). The CMF is assessed by the Director of Inspection and Compliance Services (Director) based upon his or her review of the "case file" (§ 90-21 [F]). A property owner may protest the CMF "in a writing delivered to the Director . . . within 10 business days from the date of the notice of assessment" (id.). That same Director must then "review the case file and the written submission of the owner and make a determination on the protest in writing within 10 business days from the date of the protest" (id.). The determination of the Director "shall be the final determination of the City . . . and shall be subject to review pursuant to [CPLR a]rticle 78" (id.). In the event that the CMF remains unpaid after 60 days, it shall become a lien against the property and, if unpaid on May 1, shall be added to the property taxes for that property (see § 90-21 [D]).

Respondent-defendant Gary Kirkmire, in his official capacity as the Director, imposed CMFs on petitioners, although he eventually waived the CMFs imposed on certain petitioners, finding that those CMFs were erroneously imposed. After petitioners commenced this proceeding/action, they moved for summary judgment on the petition/complaint and sought a judgment declaring that section 90-21 is invalid, that it impermissibly authorizes the imposition of the CMF without a trial and that defendants may not collect the CMF from property owners in the City or place an unpaid CMF on the property tax bills. Respondents-defendants (respondents) moved to dismiss the petition/complaint, and Supreme Court issued an order converting that motion, upon the consent of the parties, into a cross motion for summary judgment. The court also enjoined the City from imposing any further CMFs on petitioners or placing any further CMFs, penalties or interest on petitioners' property tax bills.

Following additional submissions by the parties, the court issued a judgment declaring that section 90-21 is constitutional and that the CMFs imposed by section 90-21 were valid and were constitutionally and legally imposed. The court further vacated the injunction previously imposed, concluded that petitioners were not denied procedural due process and confirmed the determinations of the Director with respect to petitioners David Bonis, Deborah Burns and Bruce T. Henry, for whom the CMFs were not waived. We now reverse.

The appealing petitioners contend that the CMF imposed by Code § 90-21 is, in actuality, a fine, and that it is imposed upon property owners without due process. We agree. Although "[t]he exceedingly strong presumption of constitutionality applies . . . to ordinances of municipalities[,] . . . [that] presumption is rebuttable" (*Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11-12; *see Matter of Turner v*

*Municipal Code Violations Bur. of City of Rochester*, 122 AD3d 1376, 1377), and we conclude that petitioners have rebutted the presumption of constitutionality. We therefore reverse the judgment and grant judgment in favor of the appealing petitioners, declaring that section 90-21 is unconstitutional.

A determination whether the CMF is a fee or a fine imposed as a penalty is critical to our analysis because "[p]rocedural due process rights do not apply to legislation of general applicability," and thus the imposition of fees such as licensing fees are "not subject to attack on grounds of procedural due process. Fines [that are imposed as a penalty], however, can implicate procedural due process rights" (*Jones v Wildgen*, 320 F Supp 2d 1116, 1127 [D Kan 2004], *reconsideration granted in part on other grounds* 349 F Supp 2d 1358; *see Twin Lakes Dev. Corp. v Town of Monroe*, 1 NY3d 98, 106-107, *cert denied* 541 US 974). Respondents contend that the CMF is a fee charged in exchange for a service or benefit, i.e., the numerous inspections of the property while the notice and order is in effect. In our view, the CMF is the equivalent of a fine imposed as a penalty, i.e., a sum of money required to be paid as a result of either "doing some act which is prohibited, or omitting to do some act which is required to be done" (*City of Buffalo v Neubeck*, 209 App Div 386, 388; *see Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth.*, 58 NY2d 89, 93-94). The CMF is assessed only after respondents have determined that a property owner has violated the Code in the first instance and that the property owner has failed to abate those violations within one year.

It is well settled that states may not "deprive any person of life, liberty, or property, without due process of law" (US Const, 14th Amend, § 1; *see* NY Const, art I, § 6). Having concluded that the CMF is a fine imposed as a penalty on the property owner, we must determine whether the ordinance provides property owners with due process of law. As the Court of Appeals wrote in *Morgenthau v Citisource, Inc.* (68 NY2d 211), "[w]e have long recognized that 'due process is a flexible constitutional concept calling for such procedural protections as a particular situation may demand' . . . [,] and in determining whether [f]ederal due process standards have been met, we look to the three distinct factors that form the balancing test enunciated by the Supreme Court in *Mathews v Eldridge* (424 US 319, 335): 'First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail' " (*id.* at 221).

While we agree with the court that the private interest at stake, i.e., $100, "is relatively insubstantial," we conclude that there is a significant risk of erroneous deprivation of that interest through the procedures established by the ordinance. Petitioners submitted evidence establishing that, of the 583 CMFs challenged, 392 were voided. Indeed, as noted above, three of the petitioners had their

CMFs waived as erroneously imposed.  We reject the contention of respondents that such evidence establishes that the procedures are "obviously effective."  In our view, it establishes a serious flaw in the system.

Although " '[d]ue process does not, of course, require that the defendant in every civil case actually have a hearing on the merits' " (*Curiale v Ardra Ins. Co.*, 88 NY2d 268, 274, quoting *Boddie v Connecticut*, 401 US 371, 378), we conclude that due process requires some type of hearing at which the City should be required to establish that property owners did not abate the violation within the one-year period.  Evidence in the record establishes that there may be significant disputes between property owners and inspectors concerning whether a violation has been satisfactorily abated.  Inasmuch as the determination whether compliance has been achieved is made solely by City officials, the procedures established by section 90-21 do not provide a sufficient opportunity for the property owner to challenge that determination (*see Matter of Hecht v Monaghan*, 307 NY 461, 469-470; *see also Jones*, 320 F Supp 2d at 1127-1129).  Moreover, the City official reviewing the written protest is the same official who assessed the CMF in the first instance.  Contrary to the contention of respondents, the availability of a CPLR article 78 proceeding does not establish that the statute provides sufficient procedural due process because such proceedings "presuppose administrative procedures that conform with due process requirements" (*People v David W.*, 95 NY2d 130, 140; *cf. Matter of County of Broome [Ritter]*, 86 AD3d 817, 819, *lv denied* 17 NY3d 716).

Finally, we reject respondents' contention that additional procedural safeguards, such as a hearing, would be too costly and unduly burdensome.  Indeed, we note that such hearings are provided in the red-light traffic cases where the penalty is $50 (*see Krieger v City of Rochester*, 42 Misc 3d 753, 770-771; *see generally* Vehicle and Traffic Law § 1111-b *et seq.*).

In view of our determination, we do not address the appealing petitioners' remaining contentions or the contention raised in the amicus brief.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court