■ LANCASTER TOWERS ASSOCIATES, L.P., Appellant, v ASSESSOR OF TOWN OF LANCASTER et al., Defendants, and TOWN OF LANCASTER et al., Respondents. [688 NYS2d 300] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action in March 1997 seeking recovery of real property tax payments for the tax years 1991-1992 and 1992-1993 and a declaration that a portion of the property it owned was tax-exempt. Plaintiff, a limited partnership, owns real property known as Lancaster Towers, a subsidized rental housing development for the elderly located in the Town and Village of Lancaster. Lancaster Towers was constructed through the use of Federally aided mortgage financing. Pursuant to a payment in lieu of taxes (PILOT) agreement, the Town and Village of Lancaster agreed that so much of the value of the noncommercial portion of the Lancaster Towers property would be exempt from local and municipal taxes while the mortgage on the property was outstanding, but in no event for more than 40 years. Prior to 1989, the first floor of Lancaster Towers was unused commercial space and was thus fully taxable. However, in 1989 or 1990, plaintiff converted the first floor of Lancaster Towers to 10 additional subsidized dwelling units. Commencing in the 1991-1992 tax year and continuing until the present, defendant Assessor of the Town of Lancaster (Assessor) has assessed and taxed the first floor of Lancaster Towers as a parcel of property separate from the remainder of the tax-exempt residential building.

Supreme Court properly granted the motion of the Town of Lancaster (Town) and Lancaster Central School District No. 1 (School District) (collectively defendants) to dismiss the complaint. The first cause of action seeks reimbursement from defendants for taxes paid by plaintiff under protest for the tax

years 1991-1992 and 1992-1993 on the ground that the Assessor lacked jurisdiction to place any portion of the Lancaster Towers property on the assessment roll. Plaintiff contends that the first cause of action is one for moneys had and received and thus that it is timely under the six-year Statute of Limitations. We disagree.

"When a tax assessment is attacked as a violation of a city resolution and a valid contract, it may be challenged in a plenary action for moneys had and received" (*Matter of Cromwell Towers Redevelopment Co. v City of Yonkers*, 41 NY2d 1, 4). A cause of action for moneys had and received "is controlled only by the six-year Statute of Limitations" (*Matter of First Natl. City Bank v City of N. Y. Fin. Admin.*, 36 NY2d 87, 93; *see, Board of Educ. v Jones*, 205 AD2d 486, 487; *Matter of Scarborough School Corp. v Assessor of Town of Ossining*, 97 AD2d 476, *lv dismissed* 61 NY2d 607, 902).

The gravamen of the first cause of action, however, is to recover taxes that were illegally assessed in violation of the PILOT agreement. Because the transaction is controlled solely by the express agreement of the parties, i.e., the PILOT agreement, their rights and liabilities must be determined on a theory of breach of contract (*see, Apfel v Prudential-Bache Sec.*, 81 NY2d 470, 479; *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). Because there is "an actual and explicit contract", plaintiff may not resort to the quasi contractual theory of moneys had and received (*Matter of Cromwell Towers Redevelopment Co. v City of Yonkers, supra*, at 5).

Pursuant to Town Law § 65 (3), an action against a town "upon or arising out of a contract" must be commenced within 18 months after the cause of action accrued. The first cause of action accrued when the Town levied taxes on the first floor of Lancaster Towers for the 1991-1992 and 1992-1993 tax years. Because plaintiff commenced this action more than 18 months later, the first cause of action is time-barred against the Town.

The first cause of action is also time-barred with respect to the School District. Education Law § 3813 (2-b) provides that any cause of action against a school must be commenced, at the latest, within one year of its accrual (*see, First Bible Baptist Church v Gates-Chili Cent. School Dist.*, 172 AD2d 1057), and this action was not commenced until 1997.

The second cause of action, seeking declaratory relief, is also time-barred against defendants. Plaintiff could have challenged the allegedly void assessment in a CPLR article 78 proceeding, which would have required plaintiff to commence the action within four months after the 1991-1992 and 1992-1993 assess-

ments became final (*see, Kahal Bnei Emunim v Town of Falls-burg,* 78 NY2d 194, 205, *rearg denied* 78 NY2d 1008). Thus, plaintiff also had to seek declaratory relief within those four months (*see, Kahal Bnei Emunim v Town of Fallsburg, supra,* at 205; *Matter of Trizec W. v City of New York,* 66 NY2d 807, 809-810). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Pleading.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Callahan, JJ.