█ PETER SCHIRMER, Respondent, v TOWN OF HARRISON, Appellant. [741 NYS2d 894] —In an action, inter alia, for a judgment declaring that the plaintiff is entitled to health insurance benefits pursuant to an employment contract, the defendant appeals from an order of the Supreme Court, Westchester County (Barone, J.), dated July 6, 2001, which denied its motion to dismiss the complaint pursuant to, inter alia, CPLR 3211.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiff is not entitled to health insurance benefits pursuant to the employment contract.

The Supreme Court erred in denying those branches of the appellant's motion which were to dismiss the complaint based upon the plaintiff's failure to file a timely notice of claim and upon the statute of limitations. Contrary to the plaintiff's contentions, his cause of action to recover health benefits accrued in 1995 when his employment and his benefits were terminated (see Matter of Levine v Board of Educ. of City of N.Y., 272 AD2d 328; Matter of Feldman v Board of Educ. of City School Dist. of City of N.Y., 259 AD2d 700). He was thus obligated to file a notice of claim within six months thereafter (see Town Law § 65 [3]). Having failed to do so until April 2001, the plaintiff's cause of action is time-barred (see Poppe Gen. Contr. v Town of Ramapo, 280 AD2d 667; Town Bd. of Town of New Castle v Meehan, 226 AD2d 702). Moreover, the action is barred by the 18-month statute of limitations applicable to contract actions against towns (see Town Law § 65 [3]). The mere fact that the plaintiff would have been entitled to continuing benefits had he not been fired in 1995 does not result in the periodic accrual of new causes of action, and he may not make periodic demands for the payment of health benefits so as to revive his time-barred cause of action (see Matter of Stearns v Office of Ct. Admin., 260 AD2d 900; Matter of Mendez v New York City Police Dept., 260 AD2d 262; Matter of Harford Taxpayers for Honest Govt. v Town Bd. of Town of Harford, 252 AD2d 784). Rather, the plaintiff was entitled to receive benefits as long as he remained eligible, and he was found to have forfeited his eligibility in 1995. Thus, his cause of action accrued at that time.

In light of our determination, we do not reach the parties' remaining contentions. Prudenti, P.J., S. Miller, McGinity and Adams, JJ., concur.