■ STEPHEN A. TRAGER et al., Appellants-Respondents, v TOWN OF CLIFTON PARK, Respondent-Appellant. [756 NYS2d 669] —Carpinello, J. Cross appeals from an order of the Supreme Court (Williams, J.), entered May 14, 2002 in Saratoga County, which denied the parties' motions for summary judgment.

---

The determinative issue before this Court is the appropriate statute of limitations to apply to the instant declaratory judgment action commenced on April 24, 1998 by plaintiffs, real estate developers who own property in an area of the Town of Clifton Park, Saratoga County, known as the "Vischer Ferry Road Corridor." The gravamen of plaintiffs' action is that defendant illegally and arbitrarily imposed, and then increased, certain municipal fees against them. These charges, intended to defray the cost of infrastructure improvements needed for development in the Corridor, are outlined in a capital improvement plan drafted in the early 1990s and ultimately adopted by defendant pursuant to a March 22, 1993 town board resolution. Plaintiffs thereafter paid the fees, apparently without protest or interruption, until the instant action was commenced.

Following some discovery, plaintiffs moved for summary judgment on the grounds that the disputed charges constituted an illegal tax, were unauthorized by the State Environmental Quality Review Act and deprived them of equal protection of the law. Defendant opposed and cross-moved for the same relief on, inter alia, statute of limitations grounds. Supreme Court denied both motions, and the parties cross appeal.

In the absence of a decision by Supreme Court, we have no guidance on its rationale for denying the parties' respective motions. Upon our review of the record, however, we conclude that the action is in fact time-barred. Although declaratory judgment actions are typically governed by a six-year statute of limitations (see CPLR 213 [1]), if the underlying dispute could have been resolved through an action or proceeding for which a specific, shorter limitations period governs, then such shorter period must be applied (see e.g. New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 200-201 [1994]; Marsh v New York State & Local Employees' Retirement Sys., 291 AD2d 713, 713-714 [2002]). In order to make this determination, we must " 'examine the substance of [the] action to identify the relationship out of which the claim arises and the relief sought' " (Press v County of Monroe, 50 NY2d 695, 701 [1980], quoting Solnick v Whalen, 49 NY2d 224, 229-230 [1980]). In doing so here, we find that the parties' relationship was contractual in nature and thus Town Law § 65 (3) should be applied, thereby barring the action.[1]

In cross-moving for summary judgment, defendant estab-

---

1. Town Law § 65 (3) provides that "no action shall be maintained against a town upon or arising out of a contract entered into by the town unless the same shall be commenced within eighteen months after the cause of action

lished through the affidavit of Marvin LeRoy, its supervisor between 1992 and 1999, that the capital improvement plan was created at the specific request of plaintiffs, among others, so as to permit them "to bring infrastructure improvements to [the Corridor] at an affordable cost so they could develop their properties." LeRoy further established that these developers agreed to share in the cost of developing the Corridor and specifically reviewed the capital improvement plan and agreed to its terms.[2] Indeed, LeRoy specifically averred that defendant's relationship with each of these developers, including plaintiffs, was *contractual* in nature. Attached to LeRoy's affidavit were various documents and agreements supporting his averments.

Except for the affidavit of their attorney, plaintiffs were silent in opposing defendant's cross motion; none personally submitted an affidavit contradicting LeRoy's detailed factual rendition of how the capital improvement plan came into existence or contesting his characterization of their relationship with defendant as contractual in nature. Thus, despite plaintiffs' attempt to characterize the nature of this action as a challenge to defendant's unilateral imposition of certain municipal fees, which they allege is an illegal tax, the unrefuted facts demonstrate otherwise. In sum, given that plaintiffs requested the capital improvement plan, participated in the process of bringing it to fruition, agreed to its terms and the resultant fees so as to permit them to develop their properties in an economical manner, we are persuaded that the action must be dismissed as time-barred under Town Law § 65 (3) (*see Lancaster Towers Assoc. v Assessor of Town of Lancaster*, 259 AD2d 1001 [1999]; *compare CKC of N.Y. v Kleiman*, 255 AD2d 286 [1998]; *Troy Towers Redevelopment Co. v City of Troy*, 51 AD2d 173 [1976], *affd* 41 NY2d 816 [1977]).

In any event, even if the statute of limitations set forth in Town Law § 65 (3) did not bar this action, the resolution imposing the fees was more akin to an administrative act of defendant's town board under the circumstances of this case, as opposed to a legislative act, such that any challenge thereto should have been the subject of a CPLR article 78 proceeding which is governed by a four-month statute of limitations (*see*

thereof shall have accrued, nor unless a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued."

**2.** Notably, according to LeRoy, plaintiff Donald Greene, doing business as DCG Development Company, actually sat on the committee which came up with the methodology to finance the infrastructure scheme.

CPLR 217 [1]; *see also Bennett Rd. Sewer Co. v Town Bd. of Town of Camillus*, 243 AD2d 61 [1998]; *International Paper Co. v Sterling Forest Pollution Control Corp.*, 105 AD2d 278 [1984]; *cf. Janiak v Town of Greenville*, 203 AD2d 329 [1994]).[3] Similarly, to the extent that plaintiffs take issue with the fee increases over the years, they too should have been challenged in a CPLR article 78 proceeding (*see Town of Webster v Village of Webster*, 280 AD2d 931 [2001]; *see also Press v County of Monroe*, 50 NY2d 695 [1980], *supra*). As a final matter, had it been properly raised (*see Szigyarto v Szigyarto*, 64 NY2d 275, 280 [1985]), defendant's laches argument would also have compelled dismissal of the action (*see e.g. Matter of Schulz v State of New York*, 81 NY2d 336 [1993]; *Matter of Kaplan v State of New York*, 202 AD2d 742 [1994]).

Cardona, P.J., Spain and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's cross motion; cross motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed. ·

---

**3.** To the extent that plaintiffs seek recoupment of the subject fees, we also note that there is no evidence in the record that they paid under protest (*see Video Aid Corp. v Town of Wallkill*, 85 NY2d 663, 666-667 [1995]; *cf. Kamhi v Town of Yorktown*, 141 AD2d 607 [1988], *affd* 74 NY2d 423 [1989]).