■ JEANNETTE MCGOUGH et al., Respondents, v ALFRED LESLIE, Appellant, et al., Defendant. [884 NYS2d 756]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered February 3, 2009, which, to the extent appealed from, denied the motion by defendant Alfred Leslie for summary judgment dismissing the complaint as against him as time-barred and granted plaintiffs' cross motion declaring that they are entitled to immediate possession of the artworks gifted to them, unanimously reversed, on the law, without costs, defendant Leslie's motion granted and plaintiffs' cross motion denied. The Clerk is directed to enter judgment accordingly.

Plaintiffs, the children of defendant Alfred Leslie, an artist, asserting claims for conversion and replevin, commenced this action to compel their father to relinquish artworks previously gifted to them, or the value thereof.

The record in the instant case clearly establishes that plaintiffs' claims sound in simple conversion rather than replevin. Plaintiffs rely on the Court of Appeals decision in *Solomon R. Guggenheim Found. v Lubell* (77 NY2d 311 [1991]) for the proposition that the possessor must refuse to return the chattel. Furthermore, plaintiffs assert that the possessor must have "actually denied [plaintiffs'] ownership rights."

Unfortunately for this contention, the *Lubell* Court was

confronted with an action in replevin to recover stolen property rather than a claim for conversion. Although both claims are governed by the same statute of limitations of three years (CPLR 214 [3]), "[t]he rule in this State is that a cause of action for replevin against the good-faith purchaser of a stolen chattel accrues when the true owner makes demand for return of the chattel and the person in possession of the chattel refuses to return it" (77 NY2d at 317-318). The *Lubell* Court characterized this "demand and refusal rule" as the "rule that affords the most protection to the true owners of stolen property" (*id.* at 318; *see also Close-Barzin v Christie's, Inc.*, 51 AD3d 444 [2008]; *Matter of Peters v Sotheby's Inc.*, 34 AD3d 29, 34 [2006], *lv denied* 8 NY3d 809 [2007] [demand upon, and refusal of, a person in possession of a chattel to return it are essential elements of a cause of action in replevin]).

The Court of Appeals specifically addressed the question of accrual of a claim sounding in conversion in *State of New York v Seventh Regiment Fund* (98 NY2d 249 [2002]). In *Seventh Regiment Fund*, the Court reaffirmed the extensive precedent in this state that there is a difference in accrual between simple conversion and replevin of stolen property. In reinforcing this difference, the Court stated, "Some affirmative act—asportation by the defendant or another person, denial of access to the rightful owner or assertion to the owner of a claim on the goods, sale or other commercial exploitation of the goods by the defendant—has always been an element of conversion" (98 NY2d at 260).

The *Seventh Regiment Fund* Court reversed this Court, remitted the case to Supreme Court, and held that "Supreme Court must determine upon remittal whether the Fund was a bona fide purchaser. If so, the State's claim will have accrued only after demand and refusal. If not, or if demand would have been futile, the claim will have accrued when the Fund actually interfered with the State's property" (98 NY2d at 261).

Moreover, as early as 1991 defendant "interfered with" plaintiffs' property when, despite entreaties by plaintiffs and defendant's ex-wife, defendant retained possession of the property. The record is replete with instances of similar interferences over the years. Thus, plaintiffs' claims in conversion are time-barred by more than a decade and must be dismissed. Concur—Andrias, J.P., Catterson, Renwick and Freedman, JJ.