■ CARMEN OTERO MCCULLOCH, Appellant, v TOWN OF MILAN et al., Respondents. [907 NYS2d 19]—

In an action, inter alia, for a judgment declaring that a conservation easement agreement entered into by the plaintiff and the defendant Town of Milan permits the cutting of trees located on the plaintiff's property under certain circumstances, and to recover damages for breach of contract, breach of trust, and conversion, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated April 9, 2009, which granted the motion of the defendant Van DeWater & Van DeWater, LLP, the cross motion of the defendants Town of Milan, Town of Milan Town Board, Ross Williams, John V. Talmadge, Alfred Lo Brutto, Pauline Combe-Clark, Diane May, the Town of Milan Planning Board, Lauren Kingman, Jeffrey Anagos, Peter Goss, and Mary Ann Hoffman, and the separate cross motion of the defendants Paggi, Martin & Del Bene, LLC, and Greenplan, Inc., to dismiss the amended complaint insofar as asserted against each of them pursuant to CPLR 3211, and denied her cross motion, among other things, for summary judgment declaring that a conservation easement agreement she entered into with the Town of Milan permits the cutting of trees located on her property under certain circumstances, and for leave to file a late notice of claim.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly dismissed the amended complaint insofar as asserted against the Town of Milan, the Town of Milan Town Board, and several individual Town officials (hereinafter collectively the Town defendants). Town Law § 65 (3) provides that no action shall be maintained against a town "upon or arising out of a contract entered into by the town unless . . . a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued." The filing of a notice of claim is thus a condition precedent to the maintenance of an action against a town arising out of the contractual relationship between a plaintiff and a town (*see Mohl v Town of Riverhead*, 62 AD3d 969 [2009]; *Trager v Town of Clifton Park*, 303 AD2d 875, 876 [2003]; *County of Rockland v Town of Orangetown*, 189 AD2d 1058, 1059 [1993]).

Here, all of the causes of action asserted against the Town defendants in the amended complaint, including those seeking declaratory and injunctive relief, essentially arise out of two contracts between the plaintiff and the Town: an escrow fund agreement executed on May 5, 2004, and a conservation easement agreement executed on June 29, 2006. Accordingly, the filing of a notice of claim pursuant to Town Law § 65 (3) was a condition precedent to the maintenance of this action against the Town defendants (*see Trager v Town of Clifton Park*, 303 AD2d 875, 876 [2003]), and the plaintiff's undisputed failure to file a timely written notice of claim bars this action against the Town defendants. We note that the notice of claim requirement also applies to the cause of action seeking return of the money which she paid into an escrow fund pursuant to the May 2004 agreement on the quasi contractual theory of money had and received. Since the plaintiff's payments into the escrow fund were made pursuant to an express agreement, this cause of action must be determined on a breach of contract theory (*see Matter of Cromwell Towers Redevelopment Co. v City of Yonkers*, 41 NY2d 1, 5 [1976]; *Lancaster Towers Assoc. v Assessor of Town of Lancaster*, 259 AD2d 1001, 1002 [1999]).

Although the plaintiff cross-moved, inter alia, for leave to file a late notice of claim, "[i]n contrast to other notice statutes, Town Law § 65 (3) contains no provision allowing the court to excuse noncompliance with its requirements" (*ADC Contr. & Constr., Inc. v Town of Southampton*, 45 AD3d 614, 615 [2007]; *see Mohl v Town of Riverhead*, 62 AD3d 969, 970 [2009]). Thus, the Supreme Court is without authority to grant leave to file a late notice of claim pursuant to Town Law § 65 (3).

Furthermore, the Supreme Court properly granted the motion of the defendant Van DeWater & Van DeWater, LLP (hereinafter Van DeWater), and the cross motion of the defendants Paggi, Martin & Del Bene, LLC (hereinafter PMD), and Greenplan, Inc. (hereinafter Greenplan), to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7). The amended complaint seeks to recover, from the escrow fund, the fees which the Town paid to Van DeWater, PMD, and Greenplan for their professional services, since the escrow fund was established to defray the cost of hiring consultants to evaluate the plaintiff's subdivision application. Accepting the facts alleged in the amended complaint as true, and according the plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Kats v East 13th St. Tifereth Place, LLC*, 73 AD3d 706 [2010]; *Castaldi v 39 Winfield Assoc.*, 30 AD3d 458 [2006]), the amended complaint fails to state a cause of action to recover the consultants' fees under the theories of money had and received (*see Matter of Cromwell Towers Redevelopment Co. v City of Yonkers*, 41 NY2d at 5; *Lancaster Towers Assoc. v Assessor of Town of Lancaster*, 259 AD2d at 1002), replevin (*see McGough v Leslie*, 65 AD3d 895, 896 [2009]; *Batsidis v Batsidis*, 9 AD3d 342 [2004]; *Matter of Peters v Sotheby's Inc.*, 34 AD3d 29, 34 [2006]), or conversion (*see Batsidis v Batsidis*, 9 AD3d at 343; *Meese v Miller*, 79 AD2d 237, 242-243 [1981]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Florio, Miller and Eng, JJ., concur.