■ CARMEN OTERO MCCULLOCH, Appellant, v TOWN OF MILAN TOWN BOARD et al., Respondents. [938 NYS2d 454]—

The Supreme Court properly granted those branches of the defendants' motion which were to dismiss the complaint for

failure to serve a timely notice of claim as required by Town Law § 65 (3) and as time-barred. Pursuant to Town Law § 65 (3), no action shall be maintained against a town " 'upon or arising out of a contract entered into by the town unless . . . a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued' " (*McCulloch v Town of Milan*, 74 AD3d 1034, 1035 [2010], quoting Town Law § 65 [3]). "The filing of a notice of claim is thus a condition precedent to the maintenance of an action against a town arising out of the contractual relationship between a plaintiff and a town" (*McCulloch v Town of Milan*, 74 AD3d at 1035; *see Mohl v Town of Riverhead*, 62 AD3d 969, 969 [2009]; *ADC Contr. & Constr., Inc. v Town of Southampton*, 45 AD3d 614, 615 [2007]). The plaintiff's July 27, 2010, notice of claim was untimely since it was not filed within six months after her causes of action, inter alia, to recover damages for breach of contract accrued. Contrary to her contention, the causes of action did not accrue as of June 23, 2010, when her attorney wrote to the Town requesting the same relief her attorney requested in a letter dated April 8, 2008. Furthermore, the action was time-barred under the applicable statute of limitations since it was commenced more than 18 months after it accrued in 2008 (*see* Town Law § 65 [3]; *Schirmer v Town of Harrison*, 294 AD2d 347, 347 [2002]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.