In an action, inter alia, for a judgment declaring the rights and obligations of the parties with respect to a certain scenic easement agreement entered into by the plaintiff and the defendant Town of Islip pursuant to General Municipal Law § 247, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Bivona, J.), dated December 13, 2010, which granted the defendants’ motion to dismiss the complaint.
Ordered that the order is affirmed, with costs.
The defendants moved to dismiss the complaint on various grounds. The Supreme Court granted the motion on the ground that the complaint was barred by the doctrine of collateral estoppel and, therefore, should be dismissed pursuant to CPLR 3211 (a) (5).
As the plaintiff correctly contends, the Supreme Court erred in directing the dismissal of the complaint pursuant to CPLR 3211 (a) (5) as barred by the doctrine of collateral estoppel. “Collateral estoppel, or issue preclusion, ‘precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same’ ” (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999], quoting Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). “The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action” (Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349). Here, the issue of whether the subject scenic easement agreement (hereinafter the agreement) between the plaintiff and the defendant Town of Islip is a valid and enforceable contract requiring the Town to reduce the assessed value of the plaintiffs property by 25% was never determined in certain prior tax certiorari proceedings held pursuant to RPTL article 7. Further, the issue was neither material nor relevant to the RPTL article 7 proceedings. Accordingly, the doctrine of collateral estoppel is *678 not applicable to preclude the plaintiff from bringing this action, which seeks, inter alia, a judgment declaring that the agreement is a valid and enforceable contract (see Storman v Storman, 90 AD3d 895, 897 [2011]; Wollman v Long Is. Jewish Med. Ctr., 170 AD2d 673, 675 [1991]).
However, the defendants advanced an alternative ground for dismissal which was rejected by the Supreme Court — the plaintiffs failure to file a timely notice of claim pursuant to Town Law § 65 (3). On appeal, the defendants argue that dismissal was also warranted on this ground. We agree with the defendants that, contrary to the Supreme Court’s determination, this alternative ground for dismissal bars the plaintiffs action. Town Law § 65 (3) provides that no action shall be maintained against a town “upon or arising out of a contract entered into by the town unless ... a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued.” “The filing of a notice of claim is thus a condition precedent to the maintenance of an action against a town arising out of the contractual relationship between a plaintiff and a town” (McCulloch v Town of Milan, 74 AD3d 1034, 1035 [2010]). Here, all of the causes of action asserted against the Town and the other defendants, the Town Supervisor, members of the Town Board, the Town Board of Assessors, the Town Assessor, and the Town Board of Assessment Review, including those seeking declaratory and injunctive relief, essentially arise out of the agreement. Accordingly, the filing of a notice of claim pursuant to Town Law § 65 (3) was a condition precedent to the maintenance of this action against the defendants (see McCulloch v Town of Milan, 74 AD3d at 1035), and the plaintiffs undisputed failure to file a timely written notice of claim bars this action. The Supreme Court should therefore have directed the dismissal of the complaint on the ground that the plaintiff failed to file a timely notice of claim pursuant to Town Law § 65 (3).
In light of our determination, the parties’ remaining contentions need not be reached. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.