■ YOLANDA STEWART, Appellant, v WESTCHESTER INSTITUTE FOR HUMAN DEVELOPMENT et al., Respondents, et al., Defendant. [25 NYS3d 656]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated October 15, 2014, as (a) granted the motion of the defendant Westchester Medical Center pursuant to CPLR 3211 and General Municipal Law § 50-e (1) (a) to dismiss the complaint insofar as asserted against it, (b) denied that branch of her cross motion which was for leave to serve a late notice of claim, and (c) granted the cross motion of the defendant Westchester Institute for Human Development pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and (2) from an order of the same court dated March 20, 2015, which denied her motion for leave to amend the complaint to add Gina D'Anna-Goswick as a necessary party defendant and to file and serve an amended complaint.

Ordered that the order dated October 15, 2014 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 20, 2015 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In May 2014, the plaintiff commenced this action against the Westchester Institute for Human Development (hereinafter WIHD), the Westchester Medical Center (hereinafter WMC), and Gina Mosmiller, in her individual and representative capacity. The plaintiff alleged that her son (hereinafter the infant), a minor child with autism, was referred by WIHD to WMC for a dental procedure under general anesthesia after WIHD could not fill all of the infant's dental cavities due to his noncompliant and aggressive behavior. The plaintiff alleged that when the infant awoke from the anesthesia, he pulled out the intravenous line in his left hand. The plaintiff further alleged that while Gina Mosmiller, the WMC recovery room nurse, was attempting to place a bandage on his hand to stop the bleeding, the infant attempted to bite her left hand. The plaintiff alleged that, in response, Mosmiller slapped the infant across the face. Gina D'Anna-Goswick, rather than Gina Mosmiller, was ultimately determined to be the WMC recovery room nurse who provided postoperative care to the infant.

WMC, a public corporation, moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 and General Municipal Law § 50-e (1) (a) on the ground that the plaintiff failed to timely serve it with a notice of claim. The plaintiff cross-moved, inter alia, for leave to serve a late notice of claim, and WIHD cross-moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7). Subsequently, the plaintiff moved for leave to amend the complaint to add Gina D'Anna-Goswick as a necessary party defendant and to file and serve an amended complaint.

Where a notice of claim is required as a condition precedent to commencement of an action against a public corporation, the notice of claim must be served within 90 days after the claim arises (see General Municipal Law § 50-e [1] [a]). In determining whether to grant leave to serve a late notice of claim, "the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on

the merits" (*Matter of Mitchell v City of New York*, 112 AD3d 940, 940 [2013]; *see Matter of Destine v City of New York*, 111 AD3d 629, 629 [2013]). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (*Matter of Placido v County of Orange*, 112 AD3d 722, 723 [2013] [citations omitted]; *see Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]).

"In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*Matter of Felice v Eastport / South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]). Generally, the phrase "facts constituting the claim" is understood to mean the facts that would demonstrate a connection between the happening of the incident and any negligence on the part of the public corporation (*see Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]). The public corporation must have notice or knowledge of the facts constituting the specific claim and not merely some general knowledge that a wrong has been committed (*see Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Matter of Wright v City of New York*, 66 AD3d at 1038; *Pappalardo v City of New York*, 2 AD3d 699, 700 [2003]).

Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to serve a late notice of claim, and properly granted WMC's motion to dismiss the complaint insofar as asserted against it. The plaintiff failed to show that WMC had actual knowledge of the essential facts constituting the claim within the requisite 90-day period or a reasonable time thereafter (*see Matter of Magana v Westchester County Health Care Corp.*, 89 AD3d 851, 852 [2011]; *Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.]*, 74 AD3d 713, 713-714 [2010]). There was no indication in WMC's records to support the plaintiff's claim that a recovery room nurse slapped the infant across the face in response to his attempt to bite her hand (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Contreras v KBM Realty Corp.*, 66 AD3d 627, 630 [2009]; *Matter of Gonzalez v City of New York*, 60 AD3d at 1060; *Beretey v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 56 AD3d 591, 593 [2008]; *Matter of King v New*

*York City Health & Hosps. Corp.*, 42 AD3d 499, 500-501 [2007]). Although the plaintiff alleged in her verified complaint that she telephoned WMC's Patient Rights Department on the day of the alleged incident to report the alleged slap by the recovery room nurse, she offered no evidence that WMC had actual knowledge of the essential facts constituting the potential claims against it at that time (*see Matter of Snyder v County of Suffolk*, 116 AD3d 1052, 1054 [2014]; *Grasso v Nassau County*, 109 AD3d 579, 580 [2013]; *Matter of Anderson v Town of Oyster Bay*, 101 AD3d 708, 709 [2012]).

The plaintiff also failed to demonstrate a reasonable excuse for her failure to serve a timely notice of claim against WMC. The plaintiff's ignorance of the fact that WMC is a public corporation did not constitute a reasonable excuse (*see Matter of Bell v City of New York*, 100 AD3d 990, 990 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]; *Matter of Belenky v Nassau Community Coll.*, 4 AD3d 422 [2004]). Furthermore, the plaintiff failed to establish that her delay in serving the notice of claim would not substantially prejudice WMC's ability to maintain its defense on the merits (*see Matter of Lorseille v New York City Hous. Auth.*, 295 AD2d 612, 612 [2002]).

With respect to WIHD's cross motion to dismiss, "[i]n considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Sinensky v Rokowsky*, 22 AD3d 563, 564 [2005], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Simos v Vic-Armen Realty, LLC*, 92 AD3d 760, 761 [2012]).

Neither the amended verified complaint nor the plaintiff's opposition to WIHD's motion "included factually-reasonable allegations that [WIHD] was negligent and, even if negligent, that there was a causal nexus between any such negligence and the [plaintiff's] claimed injuries" (*Cohen v Paul*, 11 AD3d 502, 502 [2004]; *see e.g. DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 239 [1984]). Accordingly, the Supreme Court properly granted WIHD's cross motion to dismiss the complaint insofar as asserted against it.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to amend the complaint to add Gina D'Anna-Goswick as a necessary party defendant and to file and serve an amended complaint. Where a public corporation has a duty to indemnify, the timely service of a

notice of claim upon the employee is a condition precedent to the commencement of an action against such person (see General Municipal Law § 50-e [1] [a]). An employee may be considered to be acting within the scope of his or her employment regardless of whether the precise act or the exact manner of the injury was foreseen by the employer, so long as "the general type of conduct may have been reasonably expected" (Riviello v Waldron, 47 NY2d 297, 304 [1979]). Here, the alleged tortious conduct of D'Anna-Goswick, which was in response to the infant attempting to bite her while she was tending to an injury to his hand, can be considered a natural incident of her employment and should not be considered personal in nature; therefore, it falls within the scope of her employment by WMC (see e.g. Sims v Bergamo, 3 NY2d 531, 534-535 [1957]; see also Stavitz v City of New York, 98 AD2d 529, 531 [1984]). Moreover, the plaintiff specifically alleged, in the proposed second amended complaint, that D'Anna-Goswick was acting within the scope of her employment at the time of the incident, and this allegation is not disputed by WMC. Since a notice of claim was not served on D'Anna-Goswick in a timely fashion, the plaintiff's motion was properly denied.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Chambers, Hall and Roman, JJ., concur.