In an action, inter alia, for a judgment declaring the parties’ rights and obligations under a lease and to recover damages for breach of contract, the defendant Local T.V., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated November 25, 2015, as granted those branches of the motion of the plaintiff Video Voice, Inc., which were for leave to serve and file an amended complaint adding causes of action to recover damages for wrongful ejectment pursuant to RPAPL 853, intentional infliction of emotional distress, and tortious interference with prospective economic advantage against it, and adding Roberta Strada, Michelle Murphy Strada, Seth Redlus, James N. Shelly, and Eric N. Brown as defendants, and the defendant Town of East Hampton separately appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the plaintiff Video Voice, Inc., which was for leave to serve and file an amended complaint adding it as a defendant.
 

 Ordered that the appeal by the defendant Local T.V., Inc., from so much of the order as granted those branches of the motion of the plaintiff Video Voice, Inc., which were for leave to serve and file an amended complaint adding Roberta Strada, Michelle Murphy Strada, Seth Redlus, James N. Shelly, and Eric N. Brown as defendants is dismissed, as the defendant Local T.V., Inc., is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
 

 Ordered that the order is reversed insofar as reviewed, on the law, on the facts, and in the exercise of discretion, and those branches of the motion of the plaintiff Video Voice, Inc., which were for leave to serve and file an amended complaint adding causes of action to recover damages for wrongful ejectment pursuant to RPAPL 853, intentional infliction of emotional distress, and tortious interference with prospective economic advantage against the defendant Local T.V., Inc., and adding the Town of East Hampton as a defendant, are denied; and it is further,
 

 Ordered that one bill of costs is awarded to the defendants Local T.V., Inc., and Town of East Hampton.
 

 In May 2011, the plaintiff Video Voice, Inc. (hereinafter Video Voice), commenced this action against the defendant Local T.V., Inc. (hereinafter LTV), asserting causes of action, inter alia, for a judgment declaring the parties’ rights and obligations under a lease entered into by LTV with the Town of East Hampton, and to recover damages for breach of contract. Thereafter, Video Voice moved for leave to serve and file an amended complaint, inter alia, to add its two shareholders as plaintiffs, to add causes of action to recover damages for wrongful ejectment pursuant to RPAPL 853, intentional infliction of emotional distress, and tortious interference with prospective economic advantage against LTV, and to add Roberta Strada, Michelle Murphy Strada, Seth Redlus, James N. Shelly, and Eric N. Brown, members of LTV’s Board of Directors (hereinafter collectively the Board members), as well as the Town as defendants. The Supreme Court granted the motion.
 

 The Supreme Court improvidently exercised its discretion in granting those branches of Video Voice’s motion which were for leave to serve and file an amended complaint adding causes of action to recover damages for wrongful ejectment pursuant to RPAPL 853, intentional infliction of emotional distress, and tortious interference with prospective economic advantage against LTV. In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 678 [2017]; Markowits v Friedman, 144 AD3d 993, 995 [2016]; Galanova v Safir, 127 AD3d 686, 687 [2015]). In determining a motion for leave to amend a pleading, “a court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt” (Faiella v Tysens Park Apts., LLC, 110 AD3d 1028, 1029 [2013]; see Etzion v Etzion, 112 AD3d 782, 782 [2013]; Young v Estate of Young, 84 AD3d 1359, 1359 [2011]). Here, the insufficiency and lack of merit of the proposed causes of action asserted against LTV are clear and free from doubt.
 

 Regarding the proposed causes of action to recover damages for wrongful ejectment pursuant to RPAPL 853, LTV could not be liable for wrongful ejectment, including treble damages, since Video Voice admitted that it had abandoned the premises (.see Salem v US Bank N.A., 82 AD3d 865, 866 [2011]).
 

 “The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress” (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710 [2012]; see Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d 15, 22-23 [2008]; Howell v New York Post Co., 81 NY2d 115, 121 [1993]; Brunache v MV Transp., Inc., 151 AD3d 1011, 1014 [2017]). Even accepting as true the allegations in the proposed amendment, LTV’s alleged improper conduct was not so outrageous or extreme as to support a cause of action alleging intentional infliction of emotional distress (see Petkewicz v Dutchess County Dept. of Community & Family Servs., 137 AD3d 990, 990 [2016]; Borawski v Abulafia, 117 AD3d 662, 664 [2014]).
 

 The proposed amendment failed to state a cognizable claim for tortious interference with prospective economic advantage, as the alleged tortious activity was directed at Video Voice and not toward any third parties (see Carvel Corp. v Noonan, 3 NY3d 182, 192 [2004]; Arnon Ltd [IOM] v Beierwaltes, 125 AD3d 453, 453 [2015]; Worldcare Intl., Inc. v Kay, 119 AD3d 554, 556 [2014]; Devash LLC v German Am. Capital Corp., 104 AD3d 71, 79 [2013]; Rockwell Global Capital, LLC v Soreide Law Group, PLLC, 100 AD3d 448, 449 [2012]).
 

 Moreover, the Supreme Court improvidently exercised it discretion in granting that branch of Video Voice’s motion which was to add the Town as a defendant. Since Video Voice failed to file a notice of claim pursuant to either Town Law § 65 (3) or General Municipal Law § 50-e, it may not seek any relief arising out of its alleged contractual relationship with the Town (see McCulloch v Town of Milan, 74 AD3d 1034, 1035 [2010]; Trager v Town of Clifton Park, 303 AD2d 875, 876 [2003]), nor may it assert causes of action to recover damages for the Town’s alleged wrongful acts (see Stewart v Westchester Inst. for Human Dev., 136 AD3d 1014, 1018 [2016]; Palmieri v Village of Babylon, 26 AD3d 423, 423 [2006]).
 

 The parties’ remaining contentions either are without merit or need not be reached in light of our determination.
 

 Hall, J.P., Cohen, Barros and Christopher, JJ., concur.