Dannemann v Town of E. Hampton Dept. of Land Acquisition & Mgt. (2023 NY Slip Op 06117)

Dannemann v Town of E. Hampton Dept. of Land Acquisition & Mgt.

2023 NY Slip Op 06117

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-06439
 (Index No. 619040/19)

[*1]Eileen Dannemann, appellant, 
v
Town of East Hampton Department of Land Acquisition and Management, et al., respondents.

Eileen Dannemann, East Hampton, NY, appellant pro se.
Sokoloff Stern, LLP, Carle Place, NY (Chelsea Weisbord of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated July 1, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross-motion for leave to serve a late notice of claim and the plaintiff's separate cross-motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff owned an unimproved parcel of property in East Hampton (hereinafter the property), which was located next to her residence. In 1973, a scenic easement over the property was granted to the defendant Town of East Hampton. In November 2017, the defendant Town of East Hampton Department of Land Acquisition and Management determined that trees on the property were infested with southern pine beetles and requested the plaintiff's permission to cut down the infested trees. Thereafter, on November 6, 2017, the plaintiff signed an agreement granting the defendants permission to, among other things, cut down all infested trees located on the property. Under the agreement, the plaintiff also acknowledged that she, as the property owner, was responsible for removing and disposing of any felled trees at her own cost and expense. After the defendants cut down the infested trees, they allegedly refused to allow the plaintiff to remove the felled trees from the property.
On September 26, 2019, the plaintiff commenced this action against the defendants, inter alia, to recover damages for breach of contract and intentional infliction of emotional distress, and for injunctive relief. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, contending, among other things, that the plaintiff failed to serve a notice of claim prior to commencing the action. The plaintiff cross-moved for leave to serve a late notice of claim. Thereafter, the plaintiff separately cross-moved for leave to amend the complaint. The plaintiff submitted a proposed amended complaint that asserted a single cause of action sounding in fraud and, in effect, abandoned the causes of action asserted in the complaint. In an order dated July 1, 2020, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motions. The plaintiff appeals.
"The filing of a notice of claim is . . . a condition precedent to the maintenance of an action against a town arising out of the contractual relationship between a plaintiff and a town" (W.O.R.C. Realty Corp. v Town of Islip, 104 AD3d 677, 678 [internal quotation marks omitted]; see Town Law § 65[3]; McCulloch v Town of Milan, 74 AD3d 1034, 1035). Under Town Law § 65(3), "no action shall be maintained against a town upon or arising out of a contract entered into by the town . . . unless a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued." "[I]n contrast to other notice statutes, Town Law § 65(3) contains no provision allowing the court to excuse noncompliance with its requirements" (McCulloch v Town of Milan, 74 AD3d at 1035 [internal quotation marks omitted]).
Under General Municipal Law § 50-e, "[a] timely and sufficient notice of claim is a condition precedent to asserting a tort claim against a municipality or public benefit corporation" (Matter of Johnson v County of Suffolk, 167 AD3d 742, 743 [internal quotation marks omitted]; see General Municipal Law § 50-e[1][a]; Brown v City of New York, 95 NY2d 389, 392-393). "Subject to certain tolling provisions, and except in a wrongful death action, a party must seek leave to serve a late notice of claim within one year and 90 days of the accrual date of the claim" (Matter of Johnson v County of Suffolk, 167 AD3d at 744; see General Municipal Law §§ 50-e[5]; 50-i[1]). "The court is without authority to grant leave to serve a late notice of claim made after the applicable statute of limitations expired" (Matter of Johnson v County of Suffolk, 167 AD3d at 744).
Here, the plaintiff does not contest that she failed to serve a notice of claim on the defendants prior to commencing this action, and she commenced this action nearly two years after the underlying claims accrued. Thus, the Supreme Court was without authority to grant leave to serve a late notice of claim as to her breach of contract claim (see Town Law § 65[3]; Video Voice, Inc. v Local T.V., Inc., 156 AD3d 848, 850-851; McCulloch v Town of Milan, 74 AD3d at 1035) or her tort claims (see General Municipal Law §§ 50-e[1][a]; 50-i[1][c]; Matter of Johnson v County of Suffolk, 167 AD3d at 743). Therefore, the court properly granted the defendants' motion to dismiss the complaint because the plaintiff failed to satisfy a condition precedent to filing suit against a municipality (see Brown v City of New York, 95 NY2d at 392; Matter of Johnson v County of Suffolk, 167 AD3d at 743), and properly denied the plaintiff's cross-motion for leave to serve a late notice of claim (see General Municipal Law §§ 50-e[1][a]; 50-i[1][c]; Town Law § 65[3]; Video Voice, Inc. v Local T.V., Inc., 156 AD3d at 850-851; McCulloch v Town of Milan, 74 AD3d at 1035).
For the same reasons, the Supreme Court properly denied the plaintiff's cross-motion for leave to amend the complaint to assert a single cause of action sounding in fraud, since, contrary to the plaintiff's contention, the court correctly determined that the proposed cause of action sounding in fraud arose from her contractual relationship with the defendants (see McCulloch v Town of Milan, 74 AD3d at 1035).
In light of the foregoing, we need not reach the defendants' remaining contentions.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court