Grasso v Guarino (2024 NY Slip Op 02692)

Grasso v Guarino

2024 NY Slip Op 02692

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-02853
 (Index No. 621586/17)

[*1]Thomas Grasso, appellant, 
v
Jerry C. Guarino, etc., respondent.

Judith N. Berger, Lindenhurst, NY, for appellant.
William D. Wexler, North Babylon, NY (Kevin G. Snover of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 7, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
In 2011, the defendant represented the Town of Babylon in an action (hereinafter the 2011 action) commenced in the District Court, Suffolk County, against the plaintiff, alleging violations of the Town Code. In November 2017, the plaintiff commenced this action against the defendant individually and in his capacity as principal owner of Law Offices of Jerry C. Guarino, P.C. The plaintiff asserted causes of action alleging a violation of Judiciary Law § 487, fraud, and intentional infliction of emotional distress. The basis for the plaintiff's allegations was the defendant's conduct in the 2011 action, consisting of, inter alia, an alleged deceitful representation by the defendant in response to the plaintiff's discovery demands, wherein the defendant represented that there were no notes taken by Town employees related to the plaintiff's alleged violations of the Town Code, and the defendant's alleged deceitful statement in a letter to the District Court, asserting that the plaintiff's counsel had been sanctioned when the defendant should have known that those sanctions had been vacated. The defendant moved pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order dated March 7, 2022, the Supreme Court granted the motion. The plaintiff appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint must be afforded a liberal construction, the facts therein must be accepted as true, and the plaintiff must be accorded the benefit of every possible favorable inference" (Angeli v Barket, 211 AD3d 896, 897; see Leon v Martinez, 84 NY2d 83, 87).
A cause of action alleging a violation of Judiciary Law § 487 "requires, among other things, an act of deceit by an attorney, with intent to deceive the court or any party" (Shaffer v Gilberg, 125 AD3d 632, 636 [internal quotation marks omitted]; see Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 762). "'[V]iolation of Judiciary Law § 487 requires an intent to deceive' as [*2]opposed to conduct which is negligent" (Cordell Marble Falls, LLC v Kelly, 191 AD3d at 762, quoting Moormann v Perini & Hoerger, 65 AD3d 1106, 1108 [citation omitted]). "Relief pursuant to Judiciary Law § 487 is not lightly given, and requires a showing of egregious conduct or a chronic and extreme pattern of behavior on the part of the defendant attorneys" (Kaufman v Moritt Hock & Hamroff, LLP, 192 AD3d 1092, 1093 [citation and internal quotation marks omitted]). "A cause of action alleging a violation of Judiciary Law § 487 must be pleaded with specificity" (id. [internal quotation marks omitted]). Here, even accepting the allegations in the amended complaint as true and according the plaintiff the benefit of every possible favorable inference, the amended complaint did not allege conduct that is actionable under Judiciary Law § 487 (see Kaufman v Moritt Hock & Hamroff, LLP, 192 AD3d at 1093).
"To state a cause of action to recover damages for fraud, which must be pleaded with the requisite particularity under CPLR 3016(b), a plaintiff must allege 'a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 775, quoting Deutsche Bank Natl. Trust Co. v Sinclair, 68 AD3d 914, 916). Here, the plaintiff failed to adequately allege the element of injury, as he eventually received the notes requested in his discovery demand.
"'The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress'" (Video Voice, Inc. v Local T.V., Inc., 156 AD3d 848, 850, quoting Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710). "'In order to state a cause of action to recover damages for intentional infliction of emotional distress, the pleading must allege conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" (Banschick v Johnson, 222 AD3d 608, 610, quoting Ratto v Oliva, 195 AD3d 870, 873 [internal quotation marks omitted]). Here, even accepting the allegations in the amended complaint as true and according the plaintiff the benefit of every possible favorable inference, the defendant's alleged improper conduct was not so outrageous or extreme as to support a cause of action alleging intentional infliction of emotional distress (see Video Voice, Inc. v Local T.V., Inc., 156 AD3d at 850).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court