N & P Engg., Architecture & Land Surveying, PLLC v Ridge Fire Dept. (2026 NY Slip Op 00906)

N & P Engg., Architecture & Land Surveying, PLLC v Ridge Fire Dept.

2026 NY Slip Op 00906

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2024-01406
 (Index No. 612742/23)

[*1]N & P Engineering, Architecture & Land Surveying, PLLC, appellant, 
vRidge Fire Department, respondent.

Kosakoff & Cataldo LLP, Melville, NY (Michael Stanton and Jessica Guzzo of counsel), for appellant.
Kaufman Dolowich, LLP, Woodbury, NY (Andrew L. Richards and Seth J. Meyer of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Maureen T. Liccione, J.), dated December 14, 2023. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross-motion pursuant to CPLR 305(c) for leave to amend the caption to add Ridge Fire District as a defendant.
ORDERED that the order is affirmed, with costs.
In September 2018, the plaintiff entered into a contract with Ridge Fire District (hereinafter the Fire District) to provide engineering and other services for the construction of a firehouse. In March 2023, following a breakdown in negotiations regarding the amount due under the contract, the plaintiff filed a notice of claim naming Ridge Fire Department (hereinafter the Fire Department) as the respondent.
In May 2023, the plaintiff commenced this action, inter alia, to recover damages for breach of contract against the Fire Department.
The Fire Department moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint based on the plaintiff's failure to comply with Town Law § 180. The plaintiff cross-moved pursuant to CPLR 305(c) to amend the caption to add the Fire District as a defendant. In an order dated December 14, 2023, the Supreme Court granted that branch of the Fire Department's motion which was pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross-motion. The plaintiff appeals.
Town Law § 180 states that "[n]o action shall be maintained against a fire district upon or arising out of a contract entered into by the fire district, unless the same shall be commenced within eighteen months after the cause of action thereof shall have accrued, nor unless a written verified claim shall have been filed with the fire district secretary within six months after the cause of action shall have accrued, but no such action shall be brought upon any such claim until forty days have elapsed after the filing of the claim in the office of the fire district secretary." The proper filing [*2]of the notice of claim is a condition precedent to the commencement of an action against a fire district (see JNS Heating Serv., Inc. v Stony Brook Fire Dist., 216 AD3d 627, 628). Contrary to the plaintiff's contention, courts have no authority to disregard lack of compliance with such a provision (see id.; Matter of Elmont Fire Dist. v Lapeka Constr. Corp., 232 AD2d 636, 637). Much like its counterpart provision pertaining directly to towns and town governments, Town Law § 65(3), Town Law § 180 "'contains no provision allowing the court to excuse noncompliance with its requirements'" (Dannemann v Town of E. Hampton Dept. of Land Acquisition & Mgt., 221 AD3d 960, 962, quoting McCulloch v Town of Milan, 74 AD3d 1034, 1035). Here, in improperly bringing this action against the Fire Department and not the Fire District, the plaintiff commenced an action against a department of the municipal entity that is not amenable to being sued (see Brown v City of New York, 192 AD3d 963, 965; Bartnicki v Centereach Fire Dept., 222 AD2d 637).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of the Fire Department's motion which was pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross-motion pursuant to CPLR 305(c) to amend the caption to add the Fire District as a defendant.
The Fire Department's remaining contentions need not be reached in light of our determination.
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court